**ROSE et al. v. BOURNE, Inc.**

United States District Court,
S. D. New York.

Nov. 19, 1953.

Hays, St. John, Abramson & Schulman, New York City, for plaintiff, Billy Rose, Irwin Karp, New York City, of counsel.

Gilbert & Gilbert, New York City, for defendant, Leon Alexandroff, New York City, of counsel.

GODDARD, District Judge.

This is a motion pursuant to Rule 37 (a), 28 U.S.C.A., to require plaintiff, Rose, to answer certain questions propounded to him on his examination before trial.

The action is for alleged infringement by defendant of the copyright of a song entitled "That Old Gang of Mine" of which plaintiffs are the authors. Defendant published the song under a contract with plaintiffs. Plaintiffs charge, among other things, that the contract is void; that there was inadequate consideration; and that there was failure of performance in that defendant failed to provide complete and adequate accountings.

Defendant seeks to compel answers to 17 questions.

▮▮ Rule 26 provides that examination may be had regarding any matter, not privileged, which is relevant to the subject matter of the pending action. This Rule contemplates the broad discovery of information, subject to the above limitations, which may be useful in preparation for trial. Lewis v. United Air Lines Transport Corp., D.C., 27 F.Supp. 946. It is well established that the deposition-discovery rules are to be accorded a broad and liberal treatment. Thomas v. Pennsylvania R. Co., D.C., 7 F.R.D. 610, 611; Morrison Export Co. v. Goldstone, D.C., 12 F.R.D. 258, 259.

▮▮ Questions 1–5 and 13–15 are directed to the alleged inaccuracy and inadequacy of the royalty statements furnished by defendant. Plaintiffs object, stating that they are repetitious of information already elicited. However, the evident purpose of these questions is to obtain further details and specifications of the information elicited and should be answered, with the exception of Question 3, which is argumentative.

▮▮ Question 6 is objected to only as to its form. It should be answered and its admissibility reserved for the trial.

▮▮ Questions 7–12 and 16–17 are said to be irrelevant. The test of relevancy is that of relevancy to the subject matter, not the narrow test of relevancy to the particular pleadings. Chemical Specialties Co. v. Ciba Pharmaceutical Products, D.C., 10 F.R.D. 500; Stevenson v. Melady, D.C., 1 F.R.D. 329. Under this test, these questions ought to be answered.

Motion granted. Settle order on notice.