Samuel COHEN, Plaintiff,

v.

The PROCTOR & GAMBLE DISTRIBUT-
ING COMPANY, a corporation of the
State of Ohio, Defendant.

Civ. A. No. 1590.

United States District Court
D. Delaware.

Nov. 16, 1955.

Jacob Balick, Wilmington, Del., for plaintiff.

W. Thomas Knowles (of Knowles & Allmond), Wilmington, Del., for defendant.

LEAHY, Chief Judge.

The complaint alleges defendant manufactured and sold its product "Cheer", which was used by plaintiff, and as such product proved dangerous, plaintiff was injured thereby.[1] Defendant objects to plaintiff's interrogatories Nos. 19, 20 and 21.

Interrogatory No. 19 asks for the names and addresses of all defendant's

1. For detail of facts of this litigation, see D.C.Del., 16 F.R.D. 128.

agents and employees who have knowledge concerning communications from the public to defendant on the subject of the harmfulness of "Cheer". Interrogatory No. 20 asks for the names and addresses of everyone to whom defendant has made any payment on account of personal injuries resulting from a use of "Cheer". Interrogatory No. 21 seeks the names of any persons who have made any investigations on behalf of defendant where personal injuries resulted from the use of "Cheer". Defendant objects to these interrogatories on four grounds: 1. They seek disclosure of confidential information which is of no benefit to plaintiff; 2. the interrogatories request an expression of opinion by defendant's agents if they are to answer the interrogatories; 3. the interrogatories seek information which is irrelevant to the matter for decision in the instant case; and 4. the interrogatories are put to annoy and harass defendant.

1. Products' liability has been discussed in the literature.[2] In this type of case there are problems in proof. The recent case of Board v. Thomas Hedley & Co., Ltd., 2 All.E.R. 431 (C.A.1951), involved utilization of discovery procedures to prove cause of injury. There, plaintiff contracted dermatitis after using defendant's product "Tide" for the purpose of washing clothes. Plaintiff sought to discover from defendant all complaints received regarding "Tide". In that case, plaintiff sought discovery not only of prior complaints up to the time of injury but also complaints subsequent to such time. Held: the application was too broad. But it was said:

> " * * * [The] important issue whether the product was dangerous should be fully investigated".[3]

Hedley holds the discovery application was material and necessary for plaintiff to gain witnesses. Under such circumstances, a plaintiff is not on a "fishing expedition". That such information might lead to other litigation against defendant—as in the Hedley case or as in the case at bar—is a matter of independent legal significance.

■ 2. I think the information sought by the interrogatories is a proper subject for discovery. While it has been held a defendant is not required to disclose the chemical elements which form the basis of the manufacture of its product[4] for such would constitute a disclosure of a secret process, the interrogatories, here, do not ask for the disclosure of any such confidential information. Defendant's objections on this ground to Interrogatories Nos. 19, 20 and 21 are, therefore, without merit.

■ 3. Whether the present suit is a warranty action or whether it lies in negligence, what plaintiff is attempting to do is to find knowledge of some kind on the part of defendant as to the dangerous qualities of its product, for knowledge *may be* required to establish duty and breach.

■ 4. I think the objections to Interrogatories 19, 20 and 21 should be overruled. Conditions should attach, however, to the answers to the interrogatories. As to the persons who may have been injured in other instances and the extent of their injuries, these are proper subject matters of disclosure. If defendant has made settlement with other persons and the amounts thereof, these are matters which are *res inter alios acta*, and such information need not be disclosed.

An order may be submitted disposing of the present motion in accordance with the foregoing.

2. 5 Vanderbilt L.Rev. 212, et seq. (per Dorn E. Perdue).

3. Hedley case at p. 432.

4. Drake v. Herrmann, 261 N.Y. 414, 185 N.E. 685.