Gerald James DIMENCO, a minor, by Vincenzo Dimenco, his next friend,
and
Vincenzo Dimenco, Plaintiffs,

v.

The PENNSYLVANIA RAILROAD COMPANY, a corporation of the State of Pennsylvania, Defendant.

Civ. A. 1600.

United States District Court
D. Delaware.

Nov. 9, 1956.

Albert L. Simon and Samuel R. Russell, Wilmington, Del., for plaintiffs.

John P. Sinclair (of Berl, Potter & Anderson), Wilmington, Del., for defendant.

LEAHY, Chief Judge.

This action to recover damages arises out of minor-plaintiff's injuries sus-

tained when he and his bicycle were involved in an accident with defendant's locomotive at a railroad crossing in New Castle, Delaware.[1] Certain of plaintiffs' interrogatories read:

"1. For the period beginning with the date that defendant initially operated a train or trains upon its tracks located as described and alleged in paragraph 4 of the Complaint (the allegations of which are admitted by paragraph 4 of the defendant's Answer to the Complaint) and ending with the present time, give a brief description of each collision between a stationary or moving train and a pedestrian or vehicle (including a bicycle) at the site described in paragraph 4 of the Complaint including:

"a. The names and addresses of the persons involved.

"b. The direction of approach of the person or vehicle prior to the collision.

"c. An identification of the track upon which the defendant's train was located at the time of each collision, and the train's direction of approach.

"d. Whether the train involved was moving or stationary at the time of the collision.

"e. The date and time of each collision.

"f. Whether or not the same alleged safeguards that were in use by the defendant at the intersection at the time of plaintiffs' injuries were also in use at the time of each collision described in answer to this interrogatory.

"2. State the names, positions and business addresses of the persons employed by the defendant who have possession, custody or control of written reports and records concerning the collisions listed in answer to interrogatory No. 1."

Defendant refuses to answer on the ground the interrogatories go beyond the scope of Fed.Rules Civ.Proc. rule 33, 28 U.S.C., in that "the information sought to be elicited is neither relevant nor material nor is it reasonably calculated to lead to the discovery of admissible evidence."

1. Interrogatories to parties under FR 33 may relate to any matters which can be inquired into under FR 26 (b), that is, any matter, not privileged, which is relevant to the subject matter of the action. Relevancy is not equated with that ordinarily used in determining admissibility of evidence. The test is relevancy to the subject matter which is broader than the precise issues presented by the pleadings.[2] There can be no doubt the information sought by plaintiffs' interrogatories is relevant to the subject matter of this action.[3]

2. Defendant objects on the ground the information would be inadmissible as evidence in that evidence of other accidents and near accidents introduces collateral issues which would violate a salutary principle of proof. FR 26(b), restated, sanctions the refusal to answer interrogatories if the information to be sought is itself inadmissible as evidence and does not appear reasonably calculated to lead to the discovery of admissible evidence. In treating this issue FR 43 (a) directs admission of all evidence which is admissible under the statutes of the United States, under rules of evidence formerly applied in the courts of the United States on the hearing of suits in equity, and under rules of evidence applied in the courts of the state in which the federal court is sitting. Since the statute or rule which favors the reception of the evidence governs, evidence will not be excluded if there is

1. A motion to strike certain allegations of the complaint was considered by this court in D.C.Del., 126 F.Supp. 417.

2. Foremost Promotions, Inc., v. Pabst Brewing Co., D.C.Ill., 15 F.R.D. 128; Rose v. Bourne, Inc., D.C.N.Y., 15 F.R.D. 362.

3. No question of privilege is present.

some basis on which it can be admitted.[4] It has been suggested the basis of admissibility be, in the final analysis, one of relevancy and materiality.[5]

There is no federal statute or Delaware rule before me which either excludes or admits. Therefore admissibility must be deduced from general principles and related federal decisions, bearing in mind the liberality of the federal rule. A survey of authority indicates evidence of other accidents and near accidents is admissible to show dangerous character and notice provided the nature of the subject matter is in issue and provided substantially similar conditions establish its probative value.[6]

 The authority cited by defendant to the contrary is unconvincing. In Small v. Pennsylvania R. Co., D.C.D.C., 80 F.2d 704, the testimony of a witness to the effect that on a previous occasion he crossed the tracks and did not hear the warning signal actually was excluded because the witness was inattentive. In Interstate Motor Lines, Inc., v. Great Western Ry., 10 Cir., 161 F.2d 968, evidence tending to show former near accidents was held irrelevant and immaterial on the issue of negligence but, the court indicated, could have been admissible to show the dangerous character of the crossing. Johnson v. Maine Cent. R. Co., 141 Me. 38, 38 A.2d 884, excluded evidence of other accidents at a railroad crossing on the ground it raised collateral issues, and misled and excited prejudice as a matter of law. However, the better view, and the one adopted here, considers extent collateral issues may be introduced, degree of prejudice resulting, amount of undue time expended, as considerations to be weighed by the court in individual cases as they arise on their particular facts.[7]

I dismiss defendant's attempt to distinguish Evans v. Erie R. Co., 6 Cir., 213 F. 129, where evidence of prior accidents and near accidents was held admissible to show dangerous character and notice. Defendant urges this distinction on the ground neither watchmen nor safety gates were employed there. In that respect, says defendant, it is similar to the

4. Wright v. Wilson, 3 Cir., 154 F.2d 616, 617; 5 Moore, Federal Practice par. 4304.

5. See 5 Moore, Federal Practice pars. 43.-02 [3] at p. 1313, 43.04 at p. 1329; United States v. Vehicular Parking, Ltd., D.C.Del., 52 F.Supp. 751, 754. This view has been criticized: see Een v. Consolidated Freightways, D.C.N.D., 120 F.Supp. 289, 291; Green, The Admissibility of Evidence Under the Federal Rules, 55 Harv.L.Rev. 197, 202. How far a court may go in avoiding unpopular rules of exclusion has been the subject of much discussion. This is due to the wording of FR 43(a), which is, at best, uncertain.

6. For citations, see Annotation, Admissibility of evidence as to prior or subsequently accidents on issue of negligence respecting condition of street or highway, 65 A.L.R. 380–404; Annotation, Admissibility on issue of defendant's negligence in respect of condition of place where plaintiff was injured, of evidence of prior accidents or injuries at same place, 128 A.L.R. 595–608; McCormick on Evidence, 350–354; 2 Wigmore on Evidence §§ 252, 458; Morris, Proof of Safety History in Negligence Cases, 61 Harv.L.Rev. 205; 65 C.J.S., Negligence, §§ 221 et seq.; 38 Am.Jur., Negligence §§ 312 et seq.

7. See District of Columbia v. Armes, 107 U.S. 519, 524–525, 2 S.Ct. 840, 845, 27 L. Ed. 618, where the Supreme Court spoke of the danger of collateral issues in the following terms: "The admission of this testimony is now urged as error, the point of objection being that it tended to introduce collateral issues and thus mislead the jury from the matter directly in controversy. Were such the case the objection would be tenable, but no dispute was made as to these accidents, no question was raised as to the extent of the injuries received, no point was made upon them, no recovery was sought by reason of them, nor any increase in damages. They were proved simply as circumstances which, with other evidence, tended to show the dangerous character of the sidewalk in its unguarded condition."

dangerous instrumentality cases involving a fixed condition with no variable factors. I find no basis in law for such a limitation. Every actionable situation takes on the attributes of a fixed condition, and factor variance in other accidents merely reflects upon the relative weight to be given them and the degree of similarity to the accident in question.

Baltimore & Ohio R. Co. v. Moore, 3 Cir., 13 F.2d 364, relied upon by defendant, seemingly conflicts. A boy 10 years of age was found killed near a railroad crossing. At trial the court, over defendant's objection, admitted testimony of two witnesses who said they had narrowly escaped injury at the crossing. On appeal, the decision was reversed and the evidence was ruled inadmissible. The court distinguished the leading case of District of Columbia v. Armes, 107 U.S. 519, 2 S.Ct. 840, 27 L.Ed. 618. Damages there were sought for injuries received from a fall caused by a defective sidewalk. The Supreme Court held it was competent for plaintiff to show, while the sidewalk was in that condition, other like accidents to prove the dangerous character of the sidewalk and notice to the defendant. At page 525 of 107 U.S., at page 845 of 2 S.Ct.: "The frequency of accidents at a particular place would seem to be good evidence of its dangerous character—at least, it is some evidence to that effect. * * * Besides this, as publicity was necessarily given to the accidents, they also tended to show that the dangerous character of the locality was brought to the attention of the city authorities." And 107 U.S. at page 526, 2 S.Ct. at page 846, quoting City of Chicago v. Powers, 42 Ill. 169: "'As it tended to prove this fact it was admissible; and if the appellants had desired to guard against its improper application by the jury, they should have asked an instruction limiting it to its legitimate purpose.'" The Third Circuit observed, 13 F.2d at page 366: "[T]he basic thing in each of them [District of Columbia v. Armes and decisions following it] was that a specific physical defect was a negligent structure, whose existence, if proved, constituted the negligence on which the case was based." Further, 13 F.2d at page 367: "* * * in all of which the negligent or nonnegligent character of a concrete object was involved, and where the testimony admitted went to the faulty, or nonfaulty, character of the structure."

However, a careful reading of the Moore opinion indicates the basis for the distinction. In the Armes case, supra, 107 U.S. at page 525, 2 S.Ct. at page 845, the Supreme Court found "the character of the place was one of the subjects of inquiry to which attention was called by the nature of the action and the pleadings, and the defendant should have been prepared to show its real character in the face of any proof bearing on that subject." In the Moore case the court determined under the facts and pleadings before it only the negligent use of the crossing was drawn in issue, not the character of the crossing. At page 365 of 13 F.2d: "*In an issue based on this situation*—a pedestrian stopped near the track and faced by a passing freight train; his view of the other track shut off, and with no knowledge of the approach of a fast express train on the other track; and the relative duties of both the boy and the railroad to both use due care—in such a situation, affected, enlightened, by the fact that a man who was driving a slow-going milk wagon had, under some undisclosed situation, a narrow escape at this crossing." At page 367 of 13 F.2d: "But in the present case we have a public road and railroad intersecting, both properly constructed; both pedestrians and trains can lawfully use the crossing, and *the issue here is not the character of the crossing, but the alleged negligent use of the crossing by the railroad. * * * In excluding such testimony a court is certain it is adhering to the issue raised by the pleadings,* while in admitting it a court is uncertain as to how far it may

influence a jury and divert attention *from such pleaded issue."* (Emphasis added.) It is clear, then, the court excluded the evidence for the reason under the facts and pleadings the issue was simply one of negligence. From this it cannot be said the issues of dangerous character and notice were to be forever precluded from railroad crossing accident cases. That was not the law then, nor is it the law now.[8] On the contrary, the law of most jurisdictions, including this Circuit, has been to hold such evidence admissible in all cases where the issues are present and conditions are substantially similar.[9]

Whether the method of drawing dangerous character and notice in issue is restricted to an analysis of the pleadings, or whether dangerous character and notice are necessarily latent issues of negligence, awaiting proper designation, is not to be decided here.[10] Plaintiffs in their complaint have expressly alleged the crossing to have a dangerous character of which defendant was aware and as to which no proper precautions were taken. I therefore find evidence of prior accidents and near accidents relevant and material and therefore admissible under proper instructions, not as direct evidence of the fact of negligence, but to show the dangerous character of the crossing, notice to the defendant, and failure thereafter to take proper precautions; evidence of subsequent accidents and near accidents, though not logically determinative of notice of a prior condition, may be admissible to show existence of dangerous character and failure to take proper precautions.[11] I reserve judgment on specific admissibility since plaintiff at trial will have the burden of establishing whether, as to each item of proof, substantially similar conditions existed in fact at the crossing.[12]

Defendant is hereby directed to answer fully plaintiffs' interrogatories numbered 1 and 2.

8. See Plough v. Baltimore & Ohio R. Co., 2 Cir., 164 F.2d 254, 256, where Judge Chase cited the Moore case with this understanding.

9. In Cohen v. Proctor & Gamble Distributing Co., D.C.Del., 18 F.R.D. 301, 302, an action to recover damages for injuries suffered by use of defendant's product, I held interrrogatories requesting answers from defendant as to persons who may have been injured in a like manner were proper subject matters of disclosure. I there said, at page 302, "what plaintiff is attempting to do is to find knowledge of some kind on the part of defendant as to the dangerous qualities of its product, for knowledge may be required *to establish duty and breach."* And in the recent case of De Eugenio v. Allis-Chalmers Mfg. Co., 3 Cir., 210 F.2d 409, the *Third Circuit* upheld the admissibility of evidence of prior accidents to show notice to defendant of the dangerous character of a hay baling machine.

10. It *should be noted* the Federal Rules of Civil Procedure envision notice and not issue pleading. 2 Moore, Federal Practice par. 8.13; 1 Barron & Holtzoff, Federal Practice and Procedure § 255.

11. Conversely, defendant may prove the non-existence of these facts by showing the absence of other accidents at the same location and under substantially similar conditions. See McCormick on Evidence 353–354 (1954); 65 C.J.S., Negligence, § 234b; 38 Am.Jur., Negligence, § 315.

12. See Lever Bros. Co. v. Atlas Assurance Co., Ltd., 7 Cir., 131 F.2d 770, 777; Henwood v. Chaney, 8 Cir., 156 F.2d 392, 397, as to the degree of similarity required.