**Henry L. REID, Jr., Plaintiff,**

v.

**RICHARDSON-MERRELL, INC.,
Defendant.**

Civ. A. No. 8862.

United States District Court
N. D. Georgia,
Atlanta Division.

Nov. 10, 1964.

Gambrell, Harlan, Russell & Moye, Atlanta, Ga., for plaintiff.

T. J. Long and Ben Weinberg, Jr., Atlanta, Ga., for defendant.

HOOPER, Chief Judge.

Defendant has filed many objections to plaintiff's eighty requests for production of documents relating to the development, use and history of defendant's product which forms the basis of this suit.

The most noteworthy and material ground of the objections is that many of the documents sought are not specifically identified and are contained in some 107,-000 pages of defendant's records.

Since defendant has offered to make a *complete* microfilm of said records available to plaintiff for inspection, the Court in its discretion deems such a procedure fair and advantageous to both parties *to enable plaintiff to more specifically identify the documents* sought in Requests Nos. 4, 12, 21, 42, 55, 54 (originals not presently available), 66, 67, 68, 69, 74, 75, 76 and 78, while at the same time relieving defendant of the cost of searching its records.

Therefore, the Court hereby directs defendant to make said microfilm records available to plaintiff on or before December 14, 1964, in Atlanta, Georgia, at a mutually agreeable place. Plaintiff shall be accorded a reasonable length of time to inspect said microfilm which time shall not begin to run until five (5) days after the non-objectionable documents have been made available to plaintiff. Plaintiff may, at their option, elect to make copies from said microfilm at their own expense. See 28 U.S.C. § 1732(b).

Request No. 79 is hereby modified by striking the word "all" and inserting therefor the word "typical".

Request No. 80 is hereby modified by striking the words " * * * reports, letters, or other papers * * * " and

inserting therefor the words "* * * regular correspondence files containing correspondence * * *".

Objections to all other requests are hereby overruled, noting that whether any references to pending indictments against defendant shall be exposed to the jury will be resolved at the pre-trial conference when a proper protective order will be considered. See Order dated October 6, 1964.

It is so ordered.