Herbert TYTEL, Plaintiff,

v.

RICHARDSON–MERRELL, INC.,
Defendant.

Anson W. CADY, Plaintiff,

v.

RICHARDSON–MERRILL, INC.,
Defendant.

United States District Court
S. D. New York.

Jan. 6, 1965.

Zelenko & Elkind and Arnold B. Elkind, New York City, for plaintiffs.

Costello, Ward, Tirabasso & Shea, New York City, for defendant.

CROAKE, District Judge.

These are motions for orders, pursuant to Rule 37(a), Federal Rules of Civil Procedure, compelling the defendant to properly answer interrogatories 2, 2(a), 3, 3(a), (b), (c), (d), (e), 5(c),* 6, 9, 10(a), (b), (c), (d), (e), and 11 propounded by the plaintiffs. Plaintiffs also request that the reasonable expenses incurred in bringing these motions, including attorneys' fees, be charged to the defendant.

The actions are to recover damages for personal injuries alleged to have been sustained by the plaintiffs as the result of their consumption of the drug MER/29 (Triparanol), a product of the defendant. Plaintiffs claim that the defendant breached express and implied warranties and was negligent in the development, manufacture, packaging and distribution of the drug. The interrogatories in each case are identical and, therefore, the motions will be determined together.

Interrogatory #2 is as follows:

"2. Please indicate the substance of the communication which accompanied each sample of Triparanol distributed as aforesaid, and indicate whether said communication was oral or written.

"(a). If the communication was in writing, state the name and address of the person who has a copy of said communication."

Counsel for the defendant states on page 3 of his affidavit in opposition to the instant motions that:

"A recent review of the file indicated that the defendant was in error in answering interrogatory number 2 in the manner in which it was answered. Deponent has been informed and believes that #2 could have been answered 'No communication accompanied samples of triparanol distributed as aforesaid.' "

If in fact there was no accompanying communication, then the interrogatory should be answered accordingly. If there was such a communication, then the motions, in so far as they concern interrogatory #2, are disposed of as indicated below.

Interrogatory #3, with subdivisions, is as follows:

"State the substance of each and every communication received from persons or institutions receiving Triparanol as aforesaid during the period aforesaid, and indicate with respect to each such communication the following information:

"(a) The name of the person reporting on the use of Triparanol;

"(b) The date of the communication;

"(c) Whether the communication was oral or written;

---

* The parties have apparently resolved their difficulties regarding interrogatory 5(c).

"(d) The name of the person connected with the defendant who received said communication;

"(e) The use, if any, made of said communication in connection with the new drug application to the Food and Drug Administration for MER/29."

Interrogatory #6 is as follows:

"Indicate the names and addresses of each and every laboratory or physician who, to defendant's knowledge, have made histopathological studies, or other animal studies, which would indicate the effect of Triparanol on animals."

█ Defendant indicated that the information sought by interrogatories 3, 6, and also 2, could be found in some 107,480 documents under subpoena to the Fountain House Subcommittee of the United States Congress. Counsel for defendant states that microfilms of these documents are in the possession of the defendant. It is argued that it would be an undue burden to require the defendant to examine these documents in order to answer interrogatories 3, 6 and 2. Accordingly, the defendant offered to permit the movants to examine the documents in lieu of answering interrogatories 3, 6 and 2. The offer was rejected.

The court, in the exercise of its discretion, deems the procedure suggested by the defendant to be fair.[1] Accordingly, the defendant is directed to make the microfilm records available to the plaintiffs on or before January 25, 1965, at a mutually convenient location in the borough of Manhattan, City of New York. The plaintiffs are to be granted a reasonable time within which to inspect the microfilms, and this time shall not begin

to run until five days from the date upon which the microfilms are made available to the plaintiffs. The defendant is also to serve answers stating whether there is any information responsive to interrogatories 2, 3 and 6, other than that contained in these documents and, if so, what that is.

Interrogatory #9 is as follows:

"State the total number of claims now known to the defendant of persons who claim to have sustained personal injuries as the result of using MER/29."

Interrogatory #10 states:

"With respect to each such claim, give the following information:

(a) The name and address of the claimant;

(b) The name and address of the doctor who prescribed the drug, if known;

(c) The name and address of the attorney, if any, making such claim;

(d) If an action has been commenced, indicate the Court in which action was commenced and the index number thereof;

(e) If any of such cases have been tried, indicate the names and addresses of the expert witnesses who testified on behalf of the plaintiffs, and the expert witnesses who testified on behalf of the defendant."

In response to interrogatory #9, defendant stated that: "Defendant objects to revealing the total number of claims, as the number of claims has absolutely no bearing on defendant's individual case." Answer to interrogatory #10

1. Reid v. Richardson-Merrell, Inc., Civil No. 8862, N.D.Ga., Nov. 10, 1964, 37 F. R.D. 363. In that case, involving the same drug, plaintiff had requested that certain documents be produced. Rather than order such production, the court directed

that the defendant make available for inspection by the plaintiff the microfilms of the approximately 107,000 documents, among which the documents sought were to be found.

was: "Defendant reiterates the objection stated with regard to #9."

In the light of the general principle that a liberal interpretation is to be given to the rules of discovery procedure,[2] interrogatories 9 and 10 appear to be proper.[3] The information sought might aid the plaintiffs in demonstrating that their injuries were caused by the drug and not by any peculiar sensitivities which they might have had. Moreover, even were the information requested to be held inadmissible at the trial, "the testimony sought appears reasonably calculated to lead to the discovery of admissible evidence."[4] Accordingly, the objections of the defendant to interrogatories 9 and 10 are overruled, and the defendant is directed to reply. This direction is without prejudice to an application for appropriate relief should the task of replying to interrogatories 9 and 10 prove unduly burdensome.[5]

Interrogatory 11 requests that the defendant state the medical significance, if any, of certain interrogatories which the defendant has addressed to the plaintiffs and which have been answered. The court is of the opinion that this interrogatory is improper as an unwarranted invasion of the privacy of the mental processes of counsel and as inconsistent with a due regard for the maintenance of the efficacy of the adversary system.[6]

Accordingly, the motions, in so far as they concern interrogatory 11, are denied.

The answers which have been ordered shall be served within thirty days from the filing hereof. The requests that the expenses incurred in bringing these motions be charged to the defendant are denied.

Submit order for a disposition of the motions accordingly.

2. E. g., Erone Corp. v. Skouras Theatres Corp., 22 F.R.D. 494, 498 (S.D.N.Y. 1958); 2A Barron and Holtzoff, Federal Practice and Procedure, § 765, at pp. 291–292 (1961); 4 Moore, Federal Practice, ¶ 3.15, at p. 2296 (2d ed. 1962).

3. See Cohen v. Proctor & Gamble Distributing Co., 18 F.R.D. 301 (D.Dela.1955).

4. Rule 26(b), Federal Rules of Civil Procedure.

5. In the event such application were made, the court might note that its inclination would be to limit the number of claims as to which the defendant need reply. The suggestion is offered to counsel that they attempt to devise a method for such limitation without the intervention of the court.

6. See Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947).