**Allen T. LUEY and Jean H. Luey,**
**Plaintiffs,**

v.

**STERLING DRUG, INC., a corporation,**
**Defendant.**

**Civ. A. No. 4784.**

United States District Court
W. D. Michigan, S. D.
April 27, 1965.

---

92. Tr. pp. 56–57, 71, 79–81.

Stratton, Wise, Early, Starbuck & Lennon, Kalamazoo, Mich., Benjamin W. Wise, Kalamazoo, Mich., of counsel, for plaintiffs.

Ward, Plunkett, Cooney, Rutt & Peacock, Detroit, Mich., W. P. Cooney, Detroit, Mich., Doyle, James & Dark, Kalamazoo, Mich., Austin J. Doyle, Kalamazoo, Mich., of counsel, for defendant.

FOX, District Judge.

This is an action for damages due to macular degeneration of plaintiff Jean Luey's eyes, allegedly caused by continued use of defendant's drug, Aralen, a brand of chloroquine phosphate.

Count I claims breach of warranty, both express and implied.

Count II alleges negligence by reason of inadequate testing of the drug by defendant, lack of due care in such testing, failure to warn of dangerous side effects, inadequate labeling, failure to maintain a continuing check on literature regarding the safety of said drug, and failure to have a proper new drug application or amended new drug application on file with the proper authorities.

Count III claims strict liability to plaintiff for placing a drug on the market

without sufficient warning of its harmful side effects.

Plaintiffs propounded 103 interrogatories to defendant, of which plaintiffs claim 58 were unresponsive, incomplete, evasive, inaccurate, cryptic and generally unanswered. Defendant has moved to strike or otherwise modify some 41 of the interrogatories, all of which are included in the 58 to which plaintiffs seek to compel answers.

Plaintiffs have also submitted a motion to produce documents relating to the tests, records, reports and evaluations which are the subjects of many of the interrogatories.

After reviewing the respective briefs and hearing oral arguments, the court is satisfied that plaintiffs' contentions are substantially correct, and will order that the interrogatories be answered and the documents produced, in accordance with this opinion.

Plaintiffs class the unanswered interrogatories into eight categories:

1. Concerning development and testing of Aralen.
2. Concerning labeling.
3. Concerning promotion of and literature pertaining to Aralen.
4. Concerning others to whom harmful side effects resulted.
5. Concerning defendant's warnings to the profession.
6. Concerning new drug application and contacts with the Food and Drug Administration.
7. Concerning dosage determination and relationship to efficacy and side effects.
8. Concerning other important matters.

Defendant's objections fall into six categories:

1. That an impossible burden is placed on defendant in connection with securing written records or reports.
2. That answers requested would require an excessive and oppressive amount of research at great expense.
3. That the information sought is not relevant.
4. That the questions ask for a definition of terms.
5. That the questions ask for a legal opinion or a factual conclusion.
6. That the questions ask for confidential information involving the Food and Drug Administration.

Initially, it should be noted that at the hearing conducted on these motions, counsel for defendant conceded that defendant would draft a letter to the Food and Drug Administration granting plaintiffs access to its file on Aralen in the possession of the Administration. Counsel agreed that any such records which Food and Drug Administration will not release, will be produced by defendant.

■ The burden is on the party objecting to interrogatories to show that the information called for is in some way not the proper subject of interrogatories. Glick v. McKesson & Robbins, D.C., 10 F.R.D. 477.

The bulk of defendant's objections go to the burdensome and oppressive nature of the interrogatories, because of the allegedly voluminous amount of material which must be provided.

■■ Case law on this point is fairly heavily weighted in favor of plaintiffs' position. The leading case is United States v. Nysco Laboratories, Inc., D.C., 26 F.R.D. 159, in which the Government served 73 interrogatories, comprising 32 pages and some 800 separate questions, to the defendant in an action concerning alleged misbranding of a drug.

"The first objection is that the interrogatories are burdensome, vexatious, and oppressive. If the interrogatories are relevant, the fact that they involve work, research and expense is not sufficient to render them objectionable. Baim & Blank, Inc. v. Philco Distributors, D.C.N.Y.

1957, 25 F.R.D. 86; United States v. E. I. du Pont de Nemours & Co., D.C.Ill.1952, 13 F.R.D. 98. This case is in essence a scientific controversy and the subject matter of the action is whether claims made by defendants with respect to the phenylpropanolamine hydrochloride are false and misleading. Much of the information requested is in the possession or knowledge of the defendants and must be compiled in their own preparation for trial. Some of the questions may not seem relevant to the issues but the test of relevancy is relevancy to the subject matter of the action and not to any specific issue framed by the pleadings. Sandee Mfg. Co. v. Rohm & Haas Co., D.C.Ill.1959, 24 F.R.D. 53. Viewed in this light, the interrogatories as a whole are not burdensome or oppressive." Id. at 161–162.

And, in Glick, supra, an interrogatory similar to some of those at issue here was presented:

"Interrogatory No. 5 seeks information as to any tests made by defendant of 'Tartan,' 'to determine whether it was so manufactured as not to be injurious to the skin of humans.' Defendant claims to make answer thereto would require 'detailed and technical information and is therefore unduly burdensome.' The burden is on the party objecting to interrogatories to show that the information called for is 'privileged, not relevant, or in some other way not the proper subject of an interrogatory.' Bowles v. Safeway Stores, Inc., D.C., 4 F.R.D. 469; Blanc v. Smith, D.C., 3 F.R.D. 182. We cannot from Interrogatory No. 5 ascertain any privilege, or burden to defendant, by the mere propounding thereof. If any 'tests' as therein referred to were made, defendant would undoubtedly have a record or report of same. If so, the extent of any research it would be required to make would merely be to examine such record or report and respond

to said interrogatory accordingly." Id. at 480.

Thus, while Rule 33, in conjunction with Rule 30(b) of the Federal Rules of Civil Procedure, provides that interrogatories may be limited when justice so requires to protect a party from expense, annoyance, embarrassment or oppression, the above cases indicate that the situation presented by these interrogatories has not been considered oppressive. Furthermore, in this case, as will be shown, defendant has failed to meet its burden of proving that the answering of such interrogatories would in fact be oppressive.

This is perhaps more evident by contrast to cases which have found interrogatories to be oppressive.

In Riss & Co. v. Ass'n of American Railroads, D.C., 23 F.R.D. 211, the court found interrogatories to be oppressive when answers thereto would have required searching and analyzing more than five million documents.

And in Tivoli Realty v. Paramount Pictures, D.C., 10 F.R.D. 201, it was held that interrogatories should not place the burden of many thousands of man hours of labor and the expense of many thousands of dollars on the interrogated party.

The facts of that case show that defendant filed an affidavit alleging that ten to fifteen thousand man hours of time, along with many thousands of dollars would have to be expended to properly answer the interrogatories.

However, the court did allow thirty days for the parties to attempt to settle the matter, after which it was proposed to appoint a master to determine just how great an expense would actually be involved.

Other cases support plaintiffs' contentions on certain other of the interrogatories objected to because of oppressiveness.

In United States v. 48 Jars, More or Less, D.C., 23 F.R.D. 192, it was held that the court ought not permit one party to examine an expert engaged by the

adverse party, or to inspect records prepared by such experts, *unless* it was shown that the facts or information sought were necessary for the moving party's preparation for trial and could not be obtained by the moving party's independent investigation or research. Both conditions are met in this case, a negligence action alleging insufficient testing, inadequate warning and disregard of test results, clinical findings, and other indicators of which plaintiffs claim defendant should have taken notice.

Cohen v. Proctor & Gamble Distributing Co., D.C., 18 F.R.D. 301, held that in an action for injuries suffered by use of defendant's product, interrogatories seeking names and addresses of all defendant's agents and employees having knowledge of communications from the public as to the harmfulness of the product in question, names of those who received payment from defendant on account of injuries received from use of the product, and names and addresses of those who had made investigations for defendant relating to such claims, were all proper.

■ Defendant's objections to relevancy are without merit. Rule 26, which is applicable to interrogatories, provides that the information sought need only appear reasonably calculated to lead to the discovery of admissible evidence. The objections to relevancy are directed specifically to interrogatories 102 and 103, which seek dollar volumes of sale of the drug in question and profit from such sale, as well as generally to all the interrogatories on the ground that they are irrelevant to warranty questions. However, this action also deals extensively with negligence matters, to which all the interrogatories are clearly relevant.

■ Defendant objects to certain interrogatories as being too vague to be understood and asking for a definition of terms. This objection is directed at interrogatories involving terms such as "efficacy," "dangerous" side effects, and "harmful" side effects, which defendant claims are not terms commonly agreed upon. Plaintiffs urge, with compelling force, that within the drug industry these terms are incapable of misunderstanding. In fact, defendant includes in its literature warnings as to results of usage of the drug in certain instances. Under the circumstances of this case, such interrogatories are clear in intent, and shall be answered.

■ Defendant argues that certain of the interrogatories require legal or factual conclusions. While there is a split in the authorities, the trend is toward allowing opinion answers when they would serve a substantial purpose in expediting the lawsuit, leading to evidence or narrowing the issues. Meese v. Eaton Mfg. Co., D.C., 35 F.R.D. 162; United States v. Purdome, D.C., 30 F.R. D. 338; Stonybrook Tenants Ass'n v. Alpert, D.C., 29 F.R.D. 165; United States v. Renault, Inc., D.C., 27 F.R.D. 23.

■ The scope of interrogatories is determined by reference to Rule 26(b), which requires that matters be privileged to be outside the scope of discovery. Confidential materials are not thereby excluded. See, e. g., United States v. National Steel Corp., D.C., 26 F.R.D. 603.

The burden is clearly on defendant to establish reason why the interrogatories should not be answered as requested by plaintiffs. Defendant has failed to meet this burden.

In this case, the objections and answers to the interrogatories, many of which are clearly relevant to issues in the case, reveal an unwillingness to disclose information in or about defendant's files.

Defendant's principal reason for this is the allegedly herculean effort which would be required to do so.

Extreme doubts are entertained by the court that a complex and corporate operation such as defendant pharmaceutical house, engaged in a highly competitive area of commerce, would fail to keep accurate and detailed records relating to products so closely regulated by government and widely used in the treatment of human beings. Defendant has

failed to overcome this presumption, or to meet its burden of proof.

■ As to medical literature on the subject, the court is aware of the voluminous nature of such literature, but again, defendant is presumed to maintain some acquaintance with new developments in the field, and the court has not been convinced that it should indulge in the fancy of believing that defendant has no bibliography. However, because of the bulk of such material, the court will not require defendant to prepare summaries of the literature as requested by the interrogatories, but only to list the literature requested, although it is not improbable to assume that if defendant issued or relied on any or all of the available literature, it did brief or digest it.

By reason of the concession relating to the records of the Food and Drug Administration, defendant's only remaining objections relating to that agency go to conferences, meetings and visits between representatives of defendant and officials of the Food and Drug Administration.

■ The objections to these interrogatories based on confidential matters have already been disposed of in this opinion, but again defendant raised the objection of impossible burden. Had argument been made that defendant had perhaps hundreds of people who conferred with agency officials on a haphazard basis, the burden of identifying them and gathering their records or impressions might have been considered more seriously. However, because of the times in which we live and the nature of corporate activity therein, we are led to believe that for such endeavors as conferences, meetings, or hearings with official agencies, a designated few consistently represent a corporation, and this assumption likewise was not challenged by the reasons adduced in objecting to the interrogatories.

Finally, much was made by counsel of the size of defendant's corporation, and thus the burden inherent in searching records for the information sought here. Defendant is unquestionably one of the major drug producers in this country, and its products number at least in the hundreds, and probably thousands. Aralen is only one such product, and the burden of producing records relating to it has not been convincingly demonstrated to the court.

As to the motion for production, the only requirement is a showing of good cause by plaintiffs, and since the documents all relate to the subject matter of the interrogatories and the central issues of the suit, and are solely in the possession or knowledge of defendant, a showing of good cause is made.

However, in view of the admittedly extensive character of the interrogatories and the motion to produce, the court will order that, for the present time, only those documents pre-dating the start of this action by ten years or less be produced. If after consideration of the answers to interrogatories and those documents, plaintiffs deem further production necessary, they may make a motion for further production which the court will consider at that time.

Decision on interrogatories 102 and 103, relating to punitive damages, will be withheld until further pretrial proceedings in this case.

An order may be presented requiring answers to interrogatories designated in plaintiffs' motion, with the exceptions contained in this opinion (i. e., interrogatories 102 and 103, and summaries of medical literature on the subject), and requiring production of documents in accordance with this opinion. The order shall state that such answers and production are to be completed within sixty days.