W. Willard WIRTZ, Secretary of Labor, United States Department of Labor, Plaintiff,

v.

Steve MOORE, individually and doing business as Moore's Auto Wrecking Co., Defendant.

Civ. A. No. 65–1164.

United States District Court
W. D. Pennsylvania.

Nov. 3, 1966.

Marshal Neilson, U. S. Dept. of Labor, Chambersburg, Pa., for plaintiff.

Francis Barry, Pittsburgh, Pa., for defendant.

## OPINION

ROSENBERG, District Judge.

This matter is here on objections by the plaintiff, W. Willard Wirtz, Secretary of Labor, to interrogatories submitted by the defendant, Steve Moore, individually and doing business as Moore's Auto Wrecking Company.

The action was brought under the provisions of the Fair Labor Standards Act of 1938, as amended, to recover unpaid compensation which is due the defendant's employees. The plaintiff asserts that the defendant violated § 6 of the Act (29 U.S.C.A. § 206) in failing to pay the minimum wage provided and violated § 7 of the Act (29 U.S.C.A. § 207) in failing to pay overtime rates for hours in excess of the maximum hours provided; that two of the defendant's employees had filed written requests of the plaintiff to bring this action; and that the defendant's employees were engaged in the production of scrap metal, substantial portions of which were shipped in interstate commerce.

In his answer, the defendant denies that he or his business and employees are engaged in production for interstate commerce and denies that he failed to make payments contrary to § 6 and § 7 of the Act. Nine interrogatories were filed by the defendant and the plaintiff objects to four which read as follows:

"4. From what source, other than the complaints of said John Craven and John Prilla, Jr. has the plaintiff determined that overtime in a certain amount was worked by the complainants?

5. Has the plaintiff in its files, correspondence or statements from the complainants concerning the amount of overtime allegedly worked? If so, attach copies of said statements.

6. From what source did the plaintiff obtain information to warrant a conclusion that the defendant sells substantial quantities of scrap metal to scrap dealers and that substantial quantities of said scrap metal in the normal course of events finds its way into interstate commerce either directly or as ingredients of steel products?

9 Other than the complaints of John Craven and John Prilla, Jr. has the plaintiff made any investigation of the matters complained of in the plaintiff's complaint? If so, attach copies of statements or other investigation relative to the same."

The Government objects to answering the interrogatories on the ground that they seek information which is privileged and confidential.

In allowing or disallowing an objection to interrogatories regarding the sources of information upon which a cause of action is instituted by the Secretary, we must be mindful of Mitchell v. Roma, 265 F.2d 633, C.A. 3, 1959, where similar questions relating to sources of information were treated and decided in favor of the Secretary.

While the liabilities and penalties authorized by the Fair Labor Standards Act range from civil to criminal (29

U.S.C. § 216) the action here pursues the civil remedy provided for in subsections (b) and (c) of § 216. Under subsection (b) an employee claiming unpaid minimum wages or unpaid overtime compensation may bring an action in any court of competent jurisdiction to recover for the unpaid compensation and "an additional equal amount as liquidated damages." Under subsection (c), "When a written request is filed by any employee with the Secretary of Labor claiming unpaid minimum wages or unpaid overtime compensation under section 206 or section 207 of this title, the Secretary of Labor may bring an action in any court of competent jurisdiction to recover the amount of such claim." The employee thereby waives his right of action under subsection (b) to the unpaid wages and compensation and to the liquidated damages, and thereafter authority for pursuing the employee's remedy lies only with the Secretary.

 As we view this action, it is in substantial degree a proceeding where the Government stands for the employees, bringing the action not so much upon facts which are peculiarly within its own knowledge, but rather upon such circumstances as are brought to its attention by the employees themselves and upon whom the Government places its faith and confidence. The privilege of the Government to maintain the anonimity of its informers must be considered in relation to the nature of the proceedings here. And simply because the Government is a party in a civil action should not give it rights superior to those of any other party unless Congress so provides by law.

It is often stated that the Federal Rules of Civil Procedure dealing with discovery are to be liberally construed to effectuate the purposes of the rules to narrow the issues, eliminate surprise, and to accord the parties the fullest knowledge of the facts. Flickinger v. Aetna Cas. & Surety Co., 37 F.R.D. 533 (D.C.Pa., 1965); Tytel v. Richardson-Merrell, Inc., 37 F.R.D. 351 (D.C.N.Y., 1965); United States v. West

Virginia Pulp and Paper Co., 36 F.R.D. 250 (D.C.N.Y., 1964).

The Fair Labor Standards Act, under which this action is brought, does not provide for any special interpretations of the Federal Rules of Civil Procedure in favor of the government. However, judicial determination has been made on the question presented. In Mitchell v. Roma, 265 F.2d 633, C.A.3, 1959, the District Court had ordered the Secretary of Labor to answer certain questions by furnishing the defendants with the names of the persons who had furnished written statements in the course of the government's investigation. In reversing, the Court first stated that the "informer's privilege" was applicable, and continued:

"It must be kept in mind that the issue in this case is whether the defendants failed to pay proper wages to one or more of its employees; the issue is not whether there was a statutory failure in regard to persons, employees or not, who have given written statements to the representatives of the plaintiff. Thus the question is narrowed down to whether the disclosure sought by the defendants is essential to assure a fair determination of the issues, with due regard being given to the defendants' right to prepare their defense properly. We conclude that the defendants' interest in being illumined as to informers is not strong enough to overcome the privilege in this instance. While we recognize that the discovery rules apply to actions in which the United States is a party, 4 Moore, Fed.Prac. ¶¶ 26.05, 26.25[2] and that a trial is not a game of blindman's buff, Johnson v. United States, 333 U.S. 46, 68 S.Ct. 391, 92 L. Ed. 468 we cannot overlook the fact that the modern discovery rules do not abolish the policy of withholding information based on a claim of privilege."

 Since the Court of Appeals for the Third Circuit has spoken, I am bound to follow that decision and I apply the

law so stated in making my determination on the four objections here. While there may be certain variations in the questions as presented, all fall within the purview of the decision in the *Mitchell* case, supra, and all four objections will be sustained.