## BOWEN
### v.
## WHITEHALL LABORATORIES, INC.
### No. 64 Civ. 2295.

United States District Court
S. D. New York.
Nov. 14, 1966.

Paul, Weiss, Rifkind, Wharton & Garrison, New York City, for plaintiff, Mark H. Alcott, New York City, of counsel.

Perrell, Nielsen & Stephens, New York City, for defendant.

COOPER, District Judge.

Plaintiff moves pursuant to Rule 37(a), F.R.Civ.P. for an order compelling answers to various questions propounded upon oral examination. Plaintiff also moves pursuant to Rule 34, F.R.Civ.P. for an order compelling production of all records and documents in defendant's files

concerning: (1) tests conducted on defendant's product "Heet" between 1957 and 1961; (2) claims and complaints received by defendant from other users of "Heet" between July 3, 1960 and the present.

At oral argument defendant consented to answer the questions propounded upon oral examination, to produce all records regarding tests it had conducted on the product "Heet" between 1957 and 1961, and to produce records of complaints it received from July 3, 1962 to July 3, 1963 (the date the alleged injuries occurred).

As we see it, the only issue remaining before us is whether defendant should be ordered to produce its records of complaints received from other users of "Heet" for the period three years prior to the alleged accident to the present.

### Prior Complaints

■ Defendant has not contended that its records of prior complaints are privileged or that their production would be a burdensome task.[1] We find that the records of prior complaints are "relevant to the subject matter involved in the pending action" and are "reasonably calculated to lead to the discovery of admissible evidence". Rules 26(b), 34, F.R.Civ.P. See Melori Shoe Corp. v. Pierce & Stevens, Inc., 18 Fed.Rules Serv. 33.335, Case 1 (D.Mass.1953); Cohen v. Proctor & Gamble Distributing Co., 18 F.R.D. 301 (D.Del.1955); Dimenco v. Pennsylvania R. R. Co., 19 F.R.D. 499 (D.Del.1956); Wyatt v. Pennsylvania R. R. Co., 154 F. Supp. 143 (D.Del.1957); Luey v. Sterling Drug, Inc., 240 F.Supp. 632 (W.D. Mich.1965); 4 Moore, Federal Practice § 26.16(1). Prior complaints could conceivably aid plaintiff to establish that defendant had knowledge of the dangerous nature of the product and possibly lead to the discovery of other evidence

relating to the product's effect on its users. Defendant has not alleged any ground, and we can not find any reason, to limit discovery of prior complaints to one year before the alleged accident.

### Subsequent Complaints

■ For the reasons already stated subsequent complaints are also "relevant" to plaintiff's cause of action. While such complaints would not show that defendant had knowledge of the dangerous nature of the product when plaintiff sustained the injuries alleged, they might lead to the discovery of other evidence pointing out how the product works; also aid in the resolution of the issue as to whether plaintiff's injuries were caused by his own peculiar sensitivities and predisposition or followed upon the use of the product itself. See Tytel v. Richardson-Merrell, Inc., 37 F.R.D. 351 (S.D.N.Y.1965); Melori Shoe Corp. v. Pierce & Stevens, Inc., supra; Cohen v. Proctor & Gamble Distributing Co., supra; Dimenco v. Pennsylvania R. R. Co., supra; Wyatt v. Pennsylvania R. R. Co., supra; Luey v. Sterling Drug, Inc., supra. 4 Moore, Federal Practice, supra.

### Good Cause

■ Plaintiff has shown "good cause" for the production of the documents discussed above. See Schlagenhauf v. Holder, 379 U.S. 104, 85 S.Ct. 234, 13 L.Ed.2d 152 (1964); Guilford Nat. Bank of Greensboro v. Southern Ry. Co., 297 F.2d 921 (4th Cir. 1962). See also Brinks v. Chesapeake, 9 Fed.Rules Serv.2d § 34.-411, Case 4(W.D.Mich.1965). In addition to alleging relevancy, plaintiff has shown that he can not get the information by other approved means and that his attempt to discover the information by oral examination was insufficient. (Affidavit of Mark H. Alcott, sworn to September 14, 1966).

1. Defendant answered plaintiff's interrogatory No. 15 on April 14, 1965 stating:
   "July, 1960—June, 1961, eleven claims
   July, 1961—June, 1962, twelve claims
   July, 1962—June, 1963, fourteen claims
   total claims—thirty seven"

### Conclusion

Plaintiff's motion is granted in all respects. Defendant's request to limit discovery to complaints that involve the same condition alleged by plaintiff is denied. Plaintiff, his counsel and agents are ordered not to reveal to any third persons the records and documents that are produced; they are to be used solely to carry out the instant disposition.

Settle order on notice.