Petition of **BLOOMFIELD STEAMSHIP COMPANY,** as Owner of **THE LU-CILLE BLOOMFIELD,** for Exoneration from or Limitation of Liability.

Petition of A/S **J. LUDWIG MOWINCK-ELS REDERI,** as Owner of the **MOTOR VESSEL RONDA,** for Exoneration from or Limitation of Liability.

Nos. 64 AD 303, 64 AD 306.

United States District Court
S. D. New York.

Dec. 12, 1966.

On Rehearing Jan. 11, 1967.

Bigham, Englar, Jones & Houston, New York City, for cargo claimants; Douglas A. Jacobsen, New York City, of counsel.

Haight, Gardner, Poor & Havens, New York City, for M/V Ronda; Charles S. Haight, Richard G. Ashworth, New York City, of counsel.

CROAKE, District Judge.

## MEMORANDUM

This motion for discovery, pursuant to Rule 34 of the Federal Rules of Civil Procedure, is brought by certain cargo claimants in limitation proceedings instituted by the owners of two ships involved in a collision off the coast of France on October 1, 1963. After the collision, the vessel carrying the cargo owned by the moving parties herein, the "Ronda," proceeded into the port of Le Havre, France, where it thereafter capsized and sank on October 2, 1963.

It appears, and is not contested, that prior to sinking, and while in port, the "Ronda" was visited by a certain Mr. George Zachariasen who, claimants contend, performed various activities aboard the "Ronda" prior to its sinking, all furnishing him with substantial knowledge and information of the events leading up to the capsizing and sinking of the vessel. They assert further that this information is material and relevant to the case, in so far as allegations and proof of unseaworthiness are concerned, and essential to their preparation for trial.

Specifically, the claimants seek by their motion to compel the production by the petitioning owner of the "Ronda" of "all reports, documents, records, correspondence and papers prepared by or containing information from" the said Mr. Zachariasen which pertain to the collision and sinking of the "Ronda" which are in the control of the petitioners. They seek an order compelling discovery of all the documents on oath, followed by production with permission to inspect and photograph.

In the affidavit of the attorneys for the petitioners opposing the motion, Mr. Zachariasen is described as a "representative of the Underwriters" who, with his expert knowledge, assisted the Captain of the "Ronda" in his efforts to save the ship and cargo. It appears that Mr. Zachariasen was interviewed by the Norwegian attorneys for the "Ronda" owners and Underwriters and, subsequently, furnished them with a prepared document which, together with any other documents prepared by or containing information from Mr. Zachariasen, the cargo claimants seek to reach by discovery.

█ The "Ronda" owners object to this request of the cargo claimants on the ground that the information sought to be discovered is privileged as a confidential communication from client to attorney to be used in litigation. The apparent basis for the assertion of the

privilege in the instant case is the theory that the protection afforded to confidential communications made by a client to his attorney extends as well to communications made by the client's agent to the attorney, and that Mr. Zachariasen is an agent within the protected class. This basis is characterized as apparent because at no point in the affidavit opposing the motion, nor in the accompanying memorandum of law, does the petitioning shipowners attempt to reveal the nature of Mr. Zachariasen's "agency." The only indication of his status is the petitioner's characterization of him as a "representative of the Underwriters." This characterization is an insufficient basis for barring the cargo claimants' access to his statements on the ground of attorney-client privilege. To expand the protection of privilege now afforded to attorney-client communications so as to embrace communications between an attorney and a fact witness who is a representative of the Underwriters of the client, would serve none of the purposes underlying the development and present maintenance of the privilege,[1] and would tend only to impede and hamper the practical implementation of the liberal ideals at the heart of the deposition-discovery portions of the Federal Rules of Civil Procedure.

The claim of attorney-client privilege to insulate the statements of Mr. Zachariasen must be rejected. To do so does no more than carry into practice what was said in Hickman v. Taylor, 329 U.S. 495 at p. 508, 67 S.Ct. 385 at p. 392, 91 L.Ed. 451 (1947), concerning the attorney-client privilege:

"the protective cloak of this privilege does not extend to information which an attorney secures from a witness while acting for his client in anticipation of litigation."

Concededly, Mr. Zachariasen is an important fact witness. In addition, the documents and information sought are relevant and material to the case, particularly with respect to the issue of unseaworthiness. Beyond a bare assertion that the requested information is privileged, petitioners have failed to show any reason why the court should so hold.

 Lastly, although the attorneys for the shipowners have not advanced any argument based on a claim of attorney work-product, the court has given independent consideration to this possible ground for denying relief to the moving cargo-claimants.[2] Upon consideration of the affidavits, and upon oral argument, it does not appear that the report admittedly prepared by Mr. Zachariasen and forwarded to the at-

---

1. "In order to promote freedom of consultation of legal advisers by clients, the apprehension of compelled disclosure by the legal advisers must be removed; hence the law must prohibit such disclosure except on the client's consent." 8 Wigmore, Evidence § 2291, at p. 545 (McNaughton rev. 1961). To promote this policy, it is necessary to extend the privilege only to communications between attorneys and *clients*. On p. 549 of his treatise, supra, Dean Wigmore quotes from the Model Code of Evidence Rule 210, Comment (1942): "In a society as complicated in structure as ours, * * * expert legal advice is essential. To the furnishing of such advice the fullest freedom and honesty of communication of pertinent facts is a prerequisite. To induce *clients* to make such communications, the privilege

to prevent their later disclosure is said by courts and commentators to be a necessity." (Emphasis added.)

2. The failure to make such a claim cannot be regarded as a mere inadvertence. On the contrary, the memorandum of law opposing the discovery motion clearly disavows any work-product claim when it says: "The cases cited in the memorandum submitted by Cargo Claimants relate to the work-product of an attorney, which are not addressed to the actual issue herein—namely, the absolute privilege of a confidential communication between client and attorney." Despite the apparent intent to rely solely upon the theory of attorney-client privilege, the court has considered the work-product theory for whatever application it might be found to have under the circumstances.

torneys for the shipowners constitutes attorney's work-product.[3]

In view of the foregoing determinations, the cargo-claimants are entitled to an order directing production of Mr. Zachariasen's report without any further objection, whether based on a claim of work-product protection or attorney-client privilege. As to any other documents falling within the description set forth in the cargo-claimants' request for relief, no determination need now be made other than an order granting their motion to permit discovery upon oath.

The attorneys for the moving cargo-claimants may submit an order, on notice, consistent with the foregoing opinion.

### On Motion for Reargument

This motion for reargument relates to a motion for discovery and inspection brought by certain cargo claimants in shipowners' proceedings for limitation of liability.

The motion to reargue focuses on a single issue, namely, whether a claim of attorney-client privilege asserted on behalf of the underwriters of the shipowners (as distinguished from the shipowners themselves) can bar the production of a report prepared by one Mr. Zachariasen, a "representative of the Underwriters." The court is of the opinion that it cannot. As discussed in the earlier opinion, the status of Mr. Zachariasen is not set forth with sufficient particularity to justify a determination that statements or reports made by him fall within the protection of the attorney-client privilege. Even though

this point was clearly raised in the briefs, upon oral argument, and in the earlier memorandum decision, the papers submitted in support of this motion to reargue continue to refer to Mr. Zachariasen exclusively with the vague characterization of "representative of the Underwriters." Accordingly, the privilege claims of both the Underwriters and the shipowners are rejected.

Motion granted and prior decision adhered to.

So ordered.

---

3. See Caruso v. Moore-McCormack Lines, Inc., 196 F.Supp. 675, 676 (E.D.N.Y. 1961) where the district court rejected "the proposition that a statement of a witness taken by an attorney is clothed in the mantle of 'work product.'" Furthermore, even if, by hypothesis, the document here were to be held to fall within the protection afforded by the work-product rule, the cargo-claimants have made a sufficient showing of unusual circumstances, including difficulty of access to

the witness Mr. Zachariasen, now residing in France, to warrant an order directing its production. On this point, see Hickman v. Taylor, 329 U.S. 495, 511, 67 S.Ct. 385, 394, 91 L.Ed. 451 (1947) where the Court indicated, with respect to documents that might constitute attorney's work-product, that "production might be justified where the witnesses are no longer available or can be reached only with difficulty."