The **UNITED STATES** of America and James D. Hodgson, Secretary of Labor, United States Department of Labor

v.

**MARYLAND SHIPBUILDING AND DRYDOCK COMPANY.**

Civ. No. 20050.

United States District Court, D. Maryland.

Oct. 28, 1970.

Marshall H. Harris, Deputy Regional Sol., Dept. of Labor, Philadelphia, Pa. (George Beall, U. S. Atty., Baltimore, Md., and Peter G. Nash, Sol. of Labor and Louis Weiner, Regional Sol., Philadelphia, Pa., on brief), for plaintiffs.

David R. Owen, William R. Dorsey, III, and Semmes, Bowen & Semmes, Baltimore, Md., for defendant.

THOMSEN, District Judge.

In this action the Secretary of Labor seeks an injunction against alleged viola-

tions by defendant of Section 41 of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 941, as amended, and the Safety and Health Regulations for Ship Repairing issued thereunder. The complaint cites a number of alleged violations.

After answering plaintiffs' interrogatories, defendant filed its interrogatories, in answer to which plaintiffs supplied, inter alia, the names of all persons having knowledge of the relevant facts, and other information with respect to the alleged violations. Plaintiffs objected to furnishing three types of information:

(1) The identity (including the name and capacity of the writer and addressee) of any intradepartmental communications and memoranda relating to the alleged violations, together with the names of the persons having present custody of such statements and memoranda and a description of each sufficient for subpoena purposes; i. e. interrogatories nos. 1(r) and (s); 4(e); and 13(p) and (q);

(2) The names of all persons interviewed by plaintiffs' investigator and the dates and places of such interviews; i. e. interrogatory no. 7(n); and

(3) The names of persons from whom written statements were taken or about whom memoranda of interviews were made, together with the names of the persons having present custody of such statements and memoranda and a description of each sufficient for subpoena purposes; i. e. interrogatories nos. 1(p) and (q); 7(o); and 13(n) and (o).

Plaintiffs assert three grounds for their objections:

(A) That several interrogatories are objectionable because they request information seeking the identity of persons who gave confidential information to Government law enforcement agencies;

and that such disclosure would violate public policy, particularly at this stage of the proceeding;

(B) That some of the material sought constitutes lawyers' work product; and

(C) That the interrogatories to which objections have been entered improperly attempt invasion of the mental processes by which plaintiffs' responsibility for decision making is discharged, and improperly inquire into the internal operations of the administrative and investigative processes of the Government.

Rule 26, F.R.Civ.P., as amended effective July 1, 1970, controls. Many of the basic principles are adequately discussed in the Advisory Committee's Note to the amended Rule, 48 F.R.D. 497 et seq. That discussion need not be repeated here.

■ The basic principles applicable to plaintiffs' ground (A) for objecting to the interrogatories falling into classes (2) and (3), above, are set out in United States v. Hemphill, 369 F.2d 539, at 542 (4 Cir. 1966).[1] Under the circumstances of this case, the Court will give a broad application to the so-called "informer's privilege" and a broad application to the "substantial need" provision in Rule 26(b) (3). See Guilford Nat'l Bank v. Southern Ry., 297 F.2d 921 (4 Cir. 1962), and other cases cited in the Advisory Committee Note, 48 F.R.D. at 500.

■■ With respect to the objections based on "lawyer's work product", ground (B), and "invasion of mental processes", ground (C), the Court will follow the rule that materials assembled in the ordinary course of business or routine investigations, are not under the qualified immunity provided by Rule 26(b) (3). See Advisory Committee Note, 48 F.R.D. at 501. The Court will follow Alltmont v. United States, 177 F.2d 971, 976 (3 Cir. 1949), and similar decisions, in ex-

---

[1]. It is not necessary to decide whether FELA cases will always provide a perfect analogy to such cases as this.

tending the work product objection to information obtained for members of the bar by their agents who are not members of the bar. No invasion of mental processes, within the teaching of United States v. Morgan, 313 U.S. 409, 61 S.Ct. 999, 85 L.Ed. 1429 (1941), and similar cases is apparent.

If plaintiffs have certain documents which they claim will improperly disclose their mental processes, but which would not otherwise be privileged under the principles stated above, they should submit them to the Court for examination and ruling.

The Court will therefore sustain plaintiffs' objections to the interrogatories listed above, without prejudice (a) to defendant's submitting narrower interrogatories based upon a showing of substantial need, e. g. if a person stated by plaintiffs to have knowledge of the facts refuses to give information to defendant's representatives; and (b) to the extent that fairness may require plaintiffs to furnish lists of prospective witnesses at a pretrial conference or to furnish statements or reports of interviews at pretrial, or after the direct examination of a witness, or at some other time. The Court will also require plaintiffs to have available to the Court at all future hearings herein the originals or copies of all statements or reports of interviews with persons having knowledge of the alleged violations now in the possession of plaintiffs or its attorneys or subordinates.

With respect to the interrogatories falling into class (1), above, the principles controlling classes (2) and (3) will be applied, because the answers to those interrogatories would in many cases give the information to which defendants are not entitled at this time.

The parties should agree upon an order giving effect to this opinion, if either party believes that such an order is desirable. Otherwise, the principles stated in this opinion should be followed by counsel for the respective parties.