John **NEMETZ** et ux.

v.

J. Thomas **AYE**, M. D., et al.

Civ. A. No. 73–1043.

United States District Court,
W. D. Pennsylvania.

May 6, 1974.

---

John Gent, Erie, Pa., for plaintiffs.

Robert Grigsby, Pittsburgh, Pa., for defendants.

## MEMORANDUM AND ORDER DENYING MOTION TO COMPEL ANSWERS AND GRANTING MOTION FOR PROTECTIVE ORDER

KNOX, District Judge.

This is an action for alleged medical mal-practice on the part of defendant physicians in which Sharon General Hospital, Sharon, Pennsylvania, is also named as a defendant. The defendants Benninger and Aye have propounded to the plaintiffs certain interrogatories which the plaintiffs have answered with the exception of interrogatory 2. Interrogatory 2 requests the plaintiffs to state: "the names and present address of all persons known to plaintiffs, their agents, attorneys or representatives who have read, reviewed or considered the records of any of the institutions named in the answer to interrogatory 1."

The exact purpose of this interrogatory is not clear on the face of it because it might apply to any nurse or records librarian at the hospital. From the briefs submitted by the defendants, however, it appears they want to know the names of any medical experts whom the plaintiffs have consulted on an informal basis with respect to this case but who are not going to testify as witnesses.

There are two portions of Rule 26 of the Federal Rules of Civil Procedure which are relevant to this problem, viz: 26(b)(1) [1] and 26(b)(4) [2] relative to discovery of facts and opinions of experts.

Plaintiff has refused to answer interrogatory 2 claiming that it requests information which is not discoverable under the Rules of Civil Procedure. Defendant has filed a motion to compel answers. Plaintiff has moved for a Protective Order.

It will be noted that under 26(b)(4)(A), discovery of an expert's facts and opinions is confined to two

---

[1] "(1) *In General.* Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things and the *identity and location of persons having knowledge of any discoverable matter.* It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence."

[2] "(4) *Trial Preparation: Experts.* Discovery of facts known and opinions held by experts, otherwise discoverable under the provisions of subdivision (b)(1) of this rule and acquired or developed in anticipation of litigation or for trial, may be obtained only as follows:

(A)(i) A party may through interrogatories require any other party to identify each person whom the other party expects to call as an expert witness at trial, to state the subject matter on which the expert is expected to testify, and to state the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion. (ii) Upon motion, the court may order further discovery by other means, subject to such restrictions as to scope and such provisions, pursuant to subdivision (b)(4)(C) of this rule, concerning fees and expenses as the court may deem appropriate.

(B) A party may discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial, only as provided in Rule 35(b) or upon a showing of exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means."

**68**

categories, viz: experts whom the party expects to call at trial and those experts who are not expected to be called as witnesses at trial. As to the latter, no discovery can be had as to facts known or opinions held except under Rule 35(b) or the showing of exceptional circumstances. Since it does not appear that these medical experts have examined the plaintiff, under the provisions of Rule 35(b), it appears that this exception does not apply. Further, there is nothing in the briefs of the parties which would indicate exceptional circumstances showing that it is impossible or impracticable for the defendants to seek facts or opinions on this subject by other means.

■ It would appear that medical experts who are consulted by a plaintiff on an informal basis are not subject to discovery. Certainly, in many mal-practice cases, the plaintiff's attorney may consult on social or other occasions with friends of his who are doctors and the defendant is not entitled to inquire into such consultations. It is only experts who have been retained or specially consulted whose facts and opinions are discoverable. See Professor Moore 484, paragraph 26–664.

"The initial paragraph of Rule 26(b)(4) read together with subdivision (b)(4)(B) limits discovery to experts who have been 'retained or specially consulted,' leaving both the names of and the information possessed by experts consulted informally but not retained not discoverable by any method."

See also report of Committee on 1970 Amendments at Moore page 26–52 where it is said:

"Subdivision (b)(4)(A) is concerned with experts retained or specially consulted in relation to trial preparation. Thus, it does not limit discovery of matters acquired by a person outside of trial preparation—e. g., as a witness to an accident, even though the person is an expert. *On the other hand, the subdivision precludes discovery against experts who were informally consulted in preparation for trial, but not retained or specially employed.* As an ancillary procedure, a party may on a proper showing require the other party to name experts retained or specially employed, but not those informally consulted."

Hickman v. Tayler, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947) is clearly inapplicable as no attorney's work product is involved.

■ The defendant does not ask, however, what doctors plaintiffs have consulted on a informal basis. Instead, the interrogatory only seeks to determine the names and addresses of persons who have read, reviewed or considered the records of any of the institutions named in answer to interrogatory 1. This could be any number of people since defendant is not seeking to find out, at least at this time, what opinions such persons might have rendered and such would not be discoverable if they are not to be called. It may be that a claim will be made that the records have been tampered with and in such event these names and addresses would be discoverable. At present, however, it would seem that the names and addresses of the persons known to plaintiff's attorney who have examined the records are not discoverable under Rule 26(b)(1) unless this would lead to the discovery of admissible information. Rule 26(b)(1) is very broad and our rules with respect to discovery are liberal but the information sought must at least lead to admissible evidence and here it would not.

We will therefore deny the motion without prejudice to renewal of the same if defendants' counsel in good faith asserts that there are grounds to believe the records have been tampered with.