**Leo ZUCKER, on his own behalf and on behalf of other members of the class similarly situated, Plaintiff,**

v.

**Bernard SABLE et al., Defendants.**

**No. 74 Civ. 1086 (HFW).**

United States District Court,
S. D. New York.

July 11, 1975.

Cahn & Levinson, New York City, for plaintiff.

Gordon, Hurwitz, Butowsky, Baker, Weitzen & Shalov, New York City, for defendants.

## MEMORANDUM AND ORDER

WERKER, District Judge.

Defendants have moved pursuant to Rules 34 and 37, Fed.R.Civ.P. to compel the production of certain documents. This action was commenced on April 1, 1974 and purports to be on behalf of a class of persons who purchased one and one-half million shares of common stock of defendant Union Corp. between April 26 and May 4, 1971. Plaintiff alleges that prior to and on April 26, 1971, the defendants "prepared, published, and had circulated publicity releases" which contained false and misleading statements concerning the efforts of defendant Union Corp. to develop contact lenses made from water absorbing plastic material. Plaintiff also alleges that a "press release," as originally published and circulated, was materially misleading because it failed to state that the development of such a product required extensive administrative investigation by the Food and Drug Administration before final approval and when disseminated by certain publications to members of the public, omitted the word "investigative." Plaintiff alleges that he and other members of the purported class relied upon such misleading statements and information to purchase their stock to their detriment. For the reasons discussed herein · the instant motion is granted.

On June 14, 1974 defendant served upon plaintiff a document request pursuant to Rule 34, Fed.R.Civ.P. Included among the documents requested were "all press releas-es, newspaper or magazine articles, advertisements or similar documents in the custody, control, or possession of plaintiff and related to the manufacture of contact lens . . . ." In response to this request, plaintiff produced copies of confirmation slips of the purchase and sale of Union Corp. stock in 1971. No other documents were produced.

In addition, the defendant has requested documents regarding the plaintiff's investment history to determine whether he reasonably relied upon the alleged misrepresentations. To make such a determination the defendants assert they are entitled to explore the circumstances involved in the plaintiff's alleged reliance including his business sophistication, expertise and acumen.

Therefore, there are two questions presented by this motion. First, are the documents alleged in the Amended Complaint, including the "press release" subject to discovery? Secondly, are the defendants entitled to the production of a copy of plaintiff's investment history? The court finds the answers to both questions to be in the affirmative and, therefore, for the reasons discussed herein, the instant motion is granted in all respects.

Rule 26(b)(1), Fed.R.Civ.P. provides that the scope of discovery is as follows:

"In General—Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents or other tangible things and the identity and location of persons having knowledge of any discoverable matter."

Rule 34 provides that any party may serve on the other party a request to produce documents within the scope of Rule 26(b). If a party fails to produce the documents as requested, the discovering party is authoriz-

ed to move for an order compelling production. Fed.R.Civ.P. 37(a)(2).

 The objective of discovery is to accomplish a full disclosure of the facts, *see Crowe v. Chesapeake and Ohio Railway Co.*, D.C.Mich., 29 F.R.D. 148. To deny production of relevant non-privileged information prejudices defendants. *Diamond v. Mohawk Rubber Company*, D.C.Colo., 33 F.R.D. 264.[1] The Federal Courts have consistently held that a party is entitled to inspect relevant unprivileged documents in the possession of another party as a matter of course for the purpose of assisting in the preparation of their case for trial. Once a party has requested discovery, the burden is then on the party objecting to show that the discovery requested is not relevant to the issues, *e. g., Luey v. Sterling Drug, Inc.*, 240 F.Supp. 632 (W.D.Mich.1965).

 Plaintiff has apparently refused to produce any documents because his attorney located them in the course of preparing his case. However, plaintiff has failed to identify his legal basis for refusing to produce these documents. The documents in question are clearly not protected by the attorney-client privilege as recognized by the federal courts, *United States v. United Shoe Machinery Corporation*, D.C.Mass., 89 F.Supp. 357, 358–359 (1950). It is undisputed that the documents requested are not documents belonging to plaintiff which he intrusted to his attorney. Rather, the documents were located by plaintiff's counsel during his preparation of this case. Thus, they constitute evidence of neutral and objective facts to which every party is entitled and, therefore, these documents are not protected from discovery by the attorney-client privilege.

 It is also clear that materials assembled during routine investigations by counsel do not receive the qualified immunity afforded an attorney's "work product" by Rule 26(b)(3). *United States v. Maryland Shipbuilding and Drydock Co.*, D.C. Md., 51 F.R.D. 159, 160 (1970). The protection afforded a "work product" is limited to items obtained or produced by the lawyer which involves his professional skill and experience. *Philadelphia Housing Authority v. American Radiator & S. San Corp.*, 291 F.Supp. 247, 250 (E.D.Pa.1968).[2] Therefore, the documents in question which were not originated by counsel in the preparation of his case are not immune from discovery. Furthermore, the fact that these documents represent the items which allegedly contain false and misleading information upon which the plaintiff allegedly relied makes them subject to discovery as they relate to the central issue of the case. *Luey v. Sterling Drug, Inc., supra.*

On at least one occasion, a federal court has ordered the production of a press release. In *Hoffman v. Charnita, Inc.*, 58 F.R.D. 86, 17 F.R.Serv.2d 1215 (1973), plaintiff brought a class action against defendant real estate developers for damages and recission based upon the Securities Act of 1933 and the Securities Exchange Act of 1934. Defendants were alleged to have sold land to plaintiff through misrepresentation and omission of material facts concerning the suitability of the land for on-lot-sewerage disposal. In response to plaintiff's request for the production of certain documents, the court held that plaintiffs were entitled to discovery of any press releases issued by the defendant corporation, with respect to sewage disposal on the land, as they were relevant to the alleged misrepresentation and omission of material facts.[3]

---

1. *See also Petition of Bloomfield Steamship Company*, 42 F.R.D. 348 (S.D.N.Y.1967); *Parley Lee Burns v. N. Y. Central R.R. Co.*, D.C. Ohio, 33 F.R.D. 309 (1963).

2. *See also United States v. Anderson*, D.C. Colo., 34 F.R.D. 518, 521 (1968); *E. I. DuPont De Nemours & Co. v. Phillips Petroleum Co.*, D.C.Del., 24 F.R.D. 416 (1959); *Hickman v. Taylor*, 3 Cir., 153 F.2d 212 (1945), *aff'd*, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947).

3. In *Hoffman v. Charnita, Inc., supra*, the court held that:
 "Plaintiffs' request No. 5 encompasses any statement or report issued by defendant Charnita, Inc. to a) the press, b) any government agency, or c) any actual or potential purchaser of said land, with respect to sewage disposal on said land.
 The Defendants object to this request, again upon the assertion that it is too broad.

■■ Defendants have also sought production of the record of plaintiff's investment history between the period May 29, 1970 and August 8, 1972. Plaintiff alleges in his complaint that defendants violated Rule 10b–5 of the Securities and Exchange Commission, 17 C.F.R. § 240.10B–5, by disseminating misleading press releases to certain financial publications. However, for fraud to be actionable under this Rule, plaintiff must have reasonably relied on defendant's fraud. *See, Mader v. Armel*, 402 F.2d 158 (1968), *cert. denied*, 394 U.S. 930, 89 S.Ct. 1188, 22 L.Ed.2d 459 (1969).[4] In determining whether plaintiff has reasonably relied upon alleged misrepresentations and/or non-disclosures, the plaintiff's business sophistication, expertise and acumen have been considered by the federal courts. *E. g., Clement A. Evans & Co. v. McAlpine*, 434 F.2d 100 (5th Cir. 1973), *cert. denied*, 402 U.S. 988, 91 S.Ct. 1660, 29 L.Ed.2d 153 (1971).[5] Therefore, plaintiff's investment history is clearly relevant to the preparation of the defendants' case as recovery may be denied to those investors who, because of their business sophistication or acumen, could reasonably be expected to exercise a higher degree of care and investigation in their dealings. This information is not privileged and even if it were confidential, it is not necessarily outside the scope of Rule 26(b)(1). *See, e. g., Luey v. Sterling Drug, Inc., supra; United States v. National Steel Corp.*, D.C.Tex., 26 F.R.D. 603 (1960).

■ Furthermore, the papers submitted by plaintiff in opposition to defendants' motion to compel the production of certain documents fail to meet the criteria set forth in Rule 9(b) of the General Rules of this Court. Rule 9(b) provides:

> "The opposing party shall serve and file with papers in opposition to the motion an answering memorandum . . . setting forth the points and authorities relied upon in opposition. Failure to comply may be deemed sufficient cause for denial of the motion or the granting of the motion by default as the case may be."

Plaintiff has not served any answering memorandum of law setting forth the legal authorities relied upon in opposition to the instant motion and his papers are therefore deficient.

For all the foregoing reasons, discussed herein, the instant motion is granted in all respects.

SO ORDERED.

■

It is clear that the material sought is relevant to the issue of whether defendants misrepresented the availability of sewerage."

4. *See also Myzel v. Field*, 8 Cir., 286 F.2d 718 (1967), *cert. denied*, 390 U.S. 951, 88 S.Ct. 1043, 19 L.Ed.2d 1143 (1968); *Janigan v. Taylor*, 1 Cir., 344 F.2d 781, *cert. denied*, 382 U.S. 879, 86 S.Ct. 163, 15 L.Ed.2d 120 (1965); *List v. Fashion Park, Inc.*, D.C.N.Y., 227 F.Supp. 906 (1964).

5. *See also City National Bank v. Vanderboom*, 422 F.2d 221, *cert. denied*, 399 U.S. 905, 90 S.Ct. 2196, 26 L.Ed.2d 560 (1970); *List v. Fashion Park, Inc.*, 340 F.2d 457, *cert. denied*, 382 U.S. 811, 86 S.Ct. 23, 15 L.Ed.2d 60 (1965); *Kohler v. Kohler*, 7 Cir., 319 F.2d 634 (1963).