Barbara A. DIXON, Plaintiff,

v.

Gifford R. CAPPELLINI, R. Michael Scattergood, Pat Alexander, Donna Lusch, Kevin McGuire, Doug Hofflinger, Virginia Mabry, Chuck Pinson, Dr. William J. Rick, Jr., and Freedom of Mind, Inc., Defendants.

Civ. A. No. 79–1189.

United States District Court, M. D. Pennsylvania.

April 24, 1980.

Bruce Miller, Hazelton, Pa., Eugene N. Harley, Jeremiah S. Gutman, Levy, Gutman, Goldberg & Kaplan, New York City, for plaintiff.

Alan G. Apfel, Great Neck, N.Y., for defendants.

Pat Alexander, pro se.

Kevin McGuire, pro se.

### MEMORANDUM

CONABOY, District Judge.

Defendants Cappellini and Rick have petitioned this Court for an order compelling the Plaintiff to produce reports made by a psychologist and a psychiatrist consulted by the Plaintiff in December, 1978 and/or January, 1979. The Plaintiff has declined to make these documents available on the grounds that they were not properly requested by the Defendants, and that the documents sought are privileged and confidential, and not relevant to this action.

Rule 26(b) of the Federal Rules of Civil Procedure provides that a party may obtain discovery regarding "any matter, not privileged, which is relevant to the subject matter involved in the pending action." It further provides that it is not grounds for objection that the information sought will be inadmissible at trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

The Defendants seek to compel the production of the medical reports pursuant to Rules 26 and 34. The Plaintiff's first objection to production that Defendants did not comply with Rule 34 in making the request.

The Rules of Civil Procedure set up a framework for the discovery process with the goal of providing information to both parties so that they may isolate the real issues in the case and prepare the matter for trial. Defendants did make a Rule 34 request for the production of documents before the deposition of the Plaintiff, but it did not include a request for medical reports. Defendants may not have been aware of their existence at this time.

During a deposition of Plaintiff on December 13, 1979, counsel for the Defendants inquired whether the Plaintiff had received any medical treatment, and elicited the information that she had been treated by both a psychiatrist and a psychologist. Counsel for Defendants then made an oral request for these documents, which counsel for the Plaintiff took under advisement.

Counsel for Plaintiff, by letter dated January 2, 1980 refused the Defendants' request for medical, psychiatric and psychological reports made with respect to Plaintiff after December 10, 1978.

Defendants seek to compel production of these reports. Plaintiff contends that Defendants' only formal request for production of documents did not mention these, and that no formal motion to compel under Rule 37(a) is proper because Rule 34 procedure was not followed.

However, the discovery rules are to be liberally construed. An oral request for the documents was made at Plaintiff's deposition. Correspondence between counsel indicates that further discussion of the request went on between the parties before Plaintiff's counsel formally refused the request by letter dated January 2, 1980. This letter indicates that the spirit, if not the procedure of Rule 34, was followed. The material requested is described with reasonable particularity, and that both parties were aware which documents were involved. Therefore, we do not find merit in the Plaintiff's argument that the motion to compel must be denied on procedural grounds.

Plaintiff's next objections go to the substance of the documents requested. First, it is contended that the materials sought are not relevant, and second, that these reports, even if relevant, are privileged, and should not be revealed without a strong showing of need.

■ Plaintiff Dixon initiated this action to recover damages for violation of her civil rights under 42 U.S.C.A. § 1985(3) and § 1983. She also alleges that she suffered extreme fright and nervous shock as a result of her false arrest, imprisonment, and threats of force made while she was in the custody of Defendants. She seeks compensatory and punitive damages on these counts.

The reports of psychiatric and psychological examinations of Plaintiff made in the time period immediately after her "de–programming" may indeed contain information about her mental state at that time. Since she claims to have suffered extreme fright and nervous shock, an expert's evaluation of her mental condition immediately after the incidents is relevant to her claim for damages, and is within the scope of material discoverable under Rule 26, if not otherwise privileged.

Plaintiff argues that the material is privileged because it was obtained solely for use in a habeas corpus proceeding brought by Ms. Dixon's parents against the Unification Church after she returned to the Church in January of 1979. The medical reports were obtained in anticipation of that litigation, in the event that her sanity should be at issue. That issue did not arise, and the reports were not used.

■ Plaintiff now seeks to protect these reports from discovery under the provisions of Rule 26(b)(3) or 26(b)(4). Rule 26(b)(3) applies to materials which were prepared in anticipation of litigation or for trial. It is a codification of the "work product" doctrine of *Hickman v. Taylor*, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947). The protection afforded a "work product" is limited to items obtained or produced by the lawyer which involves his professional skill and experience. *Philadelphia Housing Authority v. American Radiator & S. San. Corp.*, 291 F.Supp. 247, 250 (E.D.Pa., 1968). It is clear that materials assembled during routine investigations by counsel do not receive the qualified immunity afforded an attorney's work product by Rule 26(b)(3). *United States v. Maryland Shipbuilding and Drydock Co.*, 51 F.R.D. 159, 160 (D.Md. 1970). Therefore, the documents in question here which were not originated by counsel in the preparation of his case are not immune from discovery under this provision. See *Zucker v. Sable*, 72 F.R.D. 1, 3 (S.D.N.Y., 1975).

■ Rule 26(b)(4) is concerned with experts retained or specially consulted in relation to trial preparation. In order for the facts known or opinions held by such a witness to be discoverable, there must be a showing of "exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means." F.R. Civ.P. 26(b)(4)(B).

It is arguable that this provision is not applicable to the reports sought here, because they were not acquired in anticipation of this lawsuit, but for an earlier action. However, even assuming that Rule 26(b)(4)(B) does apply, it is this Court's finding that a sufficient showing of extraordinary circumstances has been made to justify production.

The reports at issue here are medical, psychological and psychiatric reports of examinations made of Plaintiff in January of 1979. The events which gave rise to this lawsuit took place in October, November and December of 1978. Plaintiff claims that she suffered extreme fright and nervous shock as a result of the Defendant's actions. The information as to the Plaintiff's mental state at this time contained in the psychological and psychiatric reports at issue here, obtained within two months of these incidents and approximately eight months before this lawsuit was filed, could not be obtained by the Defendants by any discovery methods available to them. Any independent examinations requested by Defendant pursuant to Rule 35 would not contain equivalent information. Since the Plaintiff has put her mental and physical condition following her "de–programming" at issue, these reports are definitely relevant, and unobtainable by other means. Therefore, we find that Defendant has made a showing of exceptional circumstanc-

**4**

es sufficient to make these reports discoverable.

Therefore, the Defendants' motion to compel discovery will be granted.