## Fleming Trust `

Martha A. Zatezalo, for Susan Scott.

Charles C. Arensberg and Everett K. Dilworth, for William B. Salsbury, Jr. and Richard L. Salsbury.

OPINION BY EUNICE ROSS, J., MAY 4, 1981:

Susan Scott asserts she is entitled to participate in future income and principal distributions in the trust for which the sixth and partial account of Union National Bank of Pittsburgh, successor trustee under the will of Eliza Thaw Fleming, deceased, has been filed. The occasion for the account was the death on June 29, 1980, of life tenant Harlan P. Lyon. Mrs. Scott's entitlement depends upon whether she can prove she is the natural daughter of deceased life tenant Alexander P. Lyon, IV, by Elizabeth R. Story. Mrs. Scott's claim is opposed by trust beneficiaries William B. Salsbury, Jr., and Richard L. Salsbury.

The court earlier granted Susan Scott leave to take for perpetuation the deposition of her mother, Elizabeth R. Story, in Florida by reason of the latter's precarious state of health.† The court also held that the deposition of Mrs. Story was relevant to the purpose of the audit hearing which will be held to ascertain whether or not Mrs. Scott was the child of Alexander P. Lyon, IV.

---

† See 30 FIDUC. REP. 545.

A new question relating to discovery is now before the court. William B. Salsbury, Jr., and Richard L. Salsbury have moved the court for sanctions against Susan Scott under Pa. R.C.P. 4019 on the ground movents have filed three requests for copies of test data and the report of the Human Leucocyte Antigen test (HLA) made in January, 1981, of James Paul Lord in Maine, of Susan Scott and of Elizabeth Story by counsel for Mrs. Scott without notice to counsel for the movents. It is averred that James Paul Lord was deposed by movents in Pittsburgh, on March 6, 1981, and testified he is the father of Susan Scott and lived with Elizabeth Story throughout the period of Susan Scott's conception.

Susan Scott's answer asserts that the documentation sought is not discoverable under Pa. R.C.P. 4003.5, 4009 and 4010. It is her contention that although Pa. R.C.P. 4003.1 authorizes broad discovery its scope is limited as to expert testimony under Pa. R.C.P. 4003.5 to that which will be used at trial since otherwise expert information and expert opinions to be used at trial might be discoverable against the person who obtained or specially employed the expert: *Goldblum, et al. v. Insurance Company of North America, et al.,* 127 P.L.J. 249, 249-250; *Philadelphia Electric Company v. Nuclear Energy Liability-Property Insurance Association,* 10 D. & C. 3d 340, 346. Mrs. Scott says she is "undecided" as to whether or not the blood test data and reports will be used at trial. The taking of the HLA tests is admitted by her counsel.

She also urges that the data and reports relating to Lord and Story are not the subject of discovery because Scott's physical or mental condition are not there at issue and thus Pa. R.C.P. 4010 does not apply. She therefore admits that as to herself Pa. R.C.P. 4010 applies to require submission of that data.

As to the tests of Lord and Story, local Orphans' Court Rule 13, §3, provides that discovery in matters pending in this division is governed by the Pennsylvania Rules of Civil Procedure. Four of the rules are relevant here.

Pa. R.C.P. 4001(d) provides that, subject to the other rules as to depositions and discovery, a party may obtain discovery by means of a request for production of documents and

things under Pa. R.C.P. 4009 (a) (1) which permits a party to require another party to produce for inspection and copying any document not privileged which is in the other party's custody and control. Pa. R.C.P. 4003.1 states that the scope of discovery encompasses any non-privileged matter relevant to the subject of the pending action including the content of documents or the nature and description of other tangible items. Pa. R.C.P. 4003.5 (a) (1) provides that a party through interrogatories may require the other party to have each expert, whom the other party expects to call at trial, state the substance of the facts and opinions to which there will be expert testimony and the grounds for each opinion. Pa. R.C.P. 4003 (a) (3) allows the discovery of facts known or opinions held by an expert, who has been retained by a party but who will not be called as a trial witness, if there is a showing of exceptional circumstances under which it is impractical for the party seeking discovery to obtain facts or opinions by other means. The explanatory note to Pa. R.C.P. 4003.5 states that a report may be sought under Pa. R.C.P. 4009.

The blood test of party Susan Scott may be required under Pa. R.C.P. 4010, but the Salsburys assert no means other than discovery exists for them to obtain blood tests of Elizabeth Story or James Paul Lord. The latter are not parties to the instant case and thus are not within Pa. R.C.P. 4010 and its coercive provision. Since Mrs. Scott refuses existing test results, her agreement as to the testing of Mrs. Story and Mr. Lord is unlikely.

The Uniform Act of Blood Tests to Determine Paternity, P.L. 586, §2, 42 Pa. C.S.A. 6133, permits an order for a blood test but Florida where Mrs. Story lives and Maine where Mr. Lord resides have no comparable statutes nor provisions for enforcement of a Pennsylvania blood test order. Although it is likely Mrs. Story would refuse to submit to a blood test at the request of the Salsburys, it is less clear Mr. Lord would so refuse since he cooperated in giving a deposition in Pittsburgh on March 6, 1981. However, neither witness can be coerced.

Exceptional circumstances may justify the discovery of a non-witness expert and of facts known and opinions held by

him in situations where it is impracticable for the inquirer to obtain facts on or opinions on the same subject by any other means: *Philadelphia Electric Company v. Nuclear Energy Liability-Property Insurance Association, supra,* 250. See also *Claster v. Citizen General Hospital,* 14 D. & C. 3d 243, 251-252, where the court found a liberalization of discovery by 1979 amendments to the Pennsylvania Rules of Civil Procedure and required a medical malpractice plaintiff to testify as to the opinions of experts retained in anticipation of litigation as to the basis of his claim.

Federal R.C.P. 26(b)(4) on which Pa. R.C.P. 4003.5(a) was modeled has been held to allow in exceptional circumstances the discovery of facts and opinions of the other party's nonwitness experts or of written reports containing such facts and opinions: *Pearl Brewing Company v. Joseph Schlitz Brewing Company,* 514 F. Supp. 1122, 1137-1139 (S.D. Texas). In that case it was held that the grant of a privilege or of protection of the work product is conditional only and, although protection is fair in most cases as preventing an unwarranted usurpation of an adversary's trial preparation, yet the privilege fails if as a practical matter the information is not otherwise available to the discoverer: see also *Dixon v. Cappellini et al.,* 88 F.R.D. 1, (M.D. Pa.); *Roseberg v. Johns Manville Corporation,* 85 F.R.D., 292, 299 (E.D. Pa.) and cases cited in 33 *A.L.R. Fed.* 403, 465, *et seq.*

In the instant case it is the report of the nonwitness expert which is sought under Pa. R.C.P. 4003.5(a)(3) and note thereunder and 4009. This procedure is proper when exceptional circumstances exist: *Pearl Brewing Company v. Joseph Schlitz Brewing Company, supra,* 1137; *Bowdren v. Stuart Motor Company, Inc.,* 11 D. & C. 3d 695, 697; *Dixon v. Cappellini, et al., supra,* 3.

No coercive means exist for the Salsburys to seek HLA tests of James Paul Lord and Elizabeth Story who reside outside Pennsylvania and are not parties to the instant proceeding. The court finds that exceptional circumstances make impracticable a blood test by any means other than discovery: *Nemetz v. Aye,* 63 F.R.D. 66, 68; *Seiffer v. Topsys International, Inc.,* 69 F.R.D. 69 (D.C. Kans); *Inspiration Consoli-*

*dated Copper Company v. Lumbermans Mutual Casualty Company*, 60 F.R.D. 205, 210 (D.C. N.Y.). The lack of ability to ascertain equivalent information by the party seeking discovery is an exceptional circumstance: *Parker v. Carroll*, 20 Fed. Rules Service 698 (D.C. Col.).

The court notes Susan Scott is not decided if the test data and reports will be used at trial. It would seem she ought to make up her mind now rather than use the device of indecision to prevent movents from obtaining the blood test results. If they are to be used at trial, claimant could not object to this discovery.

If Susan Scott had stated with definiteness that the data and reports were not to be used at trial, the court would first require an effort by movents to secure voluntary blood tests by Elizabeth Story and James Paul Lord before allowing discovery. But here it is possible that the expert evidence is to be used at trial and the court will not require a prior attempt by movents to secure voluntary HLA tests by Story and Lord.

The motion for sanctions will be granted.

### Order of Court

And Now, May 4, 1981, the motion of William B. Salsbury, Jr., and Richard L. Salsbury for sanctions against Susan Scott under Pa. R.C.P. 4019 will be granted;

Susan Scott is hereby ordered within twenty days to produce for inspection and copying under Pa. R.C.P. 4009 copies of test data and the report of the Human Leucocyte Antigen test (HLA) made in January, 1981, of James Paul Lord and Elizabeth Story by counsel for Susan Scott;

If the HLA data and report are not produced in accordance with this order, Susan Scott is hereby prohibited from introducing such data and report into evidence at the hearing on her claim to share in the trust estate of decedent, Eliza Thaw Fleming;

If the HLA data and report are not produced in accordance with this order, Susan School will pay to the movents the reasonable expenses, including counsel fees, incurred in obtaining the motion for sanctions.