[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON PLAINTIFF'S MOTION TO COMPEL RESPONSES TO DISCO VERY
The plaintiff, Reichhold Chemicals, Inc., has moved to compel responses to Interrogatories 12 and 13 and Request for Production #35 of Reichhold's first set of interrogatories and requests for production, dated February 15, 1989. The plaintiff filed its motion to compel discovery on July 23, 1998. It was not adjudicated during the time that the case was assigned to another judge, and the plaintiff has therefore filed another request for adjudication.
In the above-captioned case, the plaintiff seeks payment from the defendants, insurance companies, for expenses it incurred arising from investigation and remediation of environmental contamination in a number of locations. The discovery requests at issue concern claims involving the Tacoma site. In its motion to compel, Reichhold also sought sanctions with regard to interrogatories concerning the amount of the reserves that four insurance companies had established with regard to Reichhold's claim. Defendants The Home Insurance Company, American Home Assurance Company, Granite State Insurance Company, National Union Fire Insurance CT Page 10601 Company, Century Indemnity Company, and Commercial Union Insurance Company have filed objections to these discovery requests.
In its request for adjudication, Reichhold has stated that it no longer seeks adjudication with regard to the discovery requests directed at the issue of insurance reserves. Accordingly, the issue to be decided is the defendants' position that interrogatories 12 and 13 and request for production #35 seek information that is protected from the duty of disclosure by the attorney-client privilege or the attorney work product privilege.
The texts of the discovery requests at issue are set forth below.
Procedural Background
The defendants have included in their special defenses to the plaintiffs' claims the defense that they are not obligated to provide coverage under the insurance policies on which the plaintiff bases its claims for coverage because the plaintiff failed to provide timely written notice of the occurrence of an insured loss at the Tacoma site. The court, Freed, J., conducted a trial on the issue of the late notice defense. On appeal, the Connecticut Supreme Court reversed the verdict, finding that the jury should have been instructed in accordance with the law of Washington State, which requires an insurer who claims late notice to make a showing of prejudice to its ability to investigate the occurrence for which coverage is sought. Reichhold Chemicals, Inc. v.Hartford Accident Indemnity Co., 243 Conn. 401 (1997).
The defendants concede in their brief in opposition to the present motion that "Washington law requires a showing of prejudice to establish a late notice defense, e.g., Canron, Inc. v. Federal Ins. Co.,918 P.2d 937, 942, (Wash.App.Ct. 1996), review denied, 932 P.2d 643
(Wash. 1997)." An insurer claiming to have suffered prejudice from late notice must show concrete detriment resulting from the delay which harms the insurer's preparation or presentation of defenses to coverage or liability." Pederson's Fryer Farms, Inc. v. Transamerica Insurance Co.,922 P.2d 126, 133 (Wash.Ct.App. 1996), review denied, 932 P.2d 1255
(Wash. 1997).
Following the Connecticut Supreme Court's remand for a new trial, the defendants amended their special defenses to specifically allege that they were prejudiced in their ability to investigate the claim as a result of the late notice. They claim in their special defenses that they were prejudiced in their ability to investigate the history of the contamination in relation to the policy periods when they provided coverage, that they were unable to obtain information from certain fact CT Page 10602 witnesses, that they were unable to inspect certain documents and to observe the conditions at issue at a time reasonably close to the times relevant to the claim for coverage, and that they were unable to obtain and evaluate physical evidence of the contamination and the plaintiff's responsibility to remediate it.
The defendants take the position that a pretrial ruling by Judge Freed on the discovery requests now at issue is the law of the case. Judge Freed ruled in the context of his impression, the basis of reversal by the Connecticut Supreme Court, that New York law, not Washington state law, applied to the merits of the defense of late notice. Since Washington law, unlike New York law, requires an insurer to show prejudice from the late notice, Judge Freed cannot be understood to have considered the discoverability of the defendants' actual investigative efforts in the legal context in which they will necessarily be considered at retrial. A trial court must not apply another judge's decision blindly but must decide motions in the context of "new or overriding circumstances." Breen v. Phelps, 186 Conn. 86, 99 (1982). The Supreme Court's ruling on the choice of law issue is such a circumstance.
Interrogatories 12 and 13 are as follows:
12. At any time has an investigation been conducted on your behalf with respect to the environmental actions against Reichhold? If so, for each investigation, please state:
(a) The date it was conducted;
(b) All acts that you performed in the course of such investigation(s);
(c) The name, address, telephone number, and job title or capacity of each investigator(s) or person(s) investigating;
(d) Why the investigation(s) was undertaken;
(e) The result of the investigation(s); and
(f) whether a report was made of any such investigation and, if so, for each report, please state:
(i) the date it was prepared
 (ii) the identity of the investigation from which it was prepared; CT Page 10603
 (iii) the name, address, telephone number, and job title or capacity of the person(s) who prepared it;
 (iv) the name, address, telephone number, and job title or capacity of each person to whom it was submitted; and
(v) whether it was oral, written, or otherwise recorded.
13. Do you plan on conducting in the future an investigation with respect to the environmental actions against Reichhold? If so, will the results of that investigation be shared with Reichhold? If not, why not?
Request for Production 35 makes the following request:
35. Any and all documents that in any way discuss, comment on, refer to, relate to, or contain information concerning insurance coverage for any of the environmental actions against Reichhold, including, but not limited to, documents that comment on, discuss, refer to, or contain information concerning:
(a) your defense, or contemplated defense, of Reichhold, in the environmental actions;
(b) notice of the environmental actions;
(c) any other insurance company's defense, or contemplated defense, of Reichhold in the environmental actions;
(d) any claims paid by you on behalf of Reichhold in connection with the environmental actions;
(e) any reservation of rights you have made with respect to insurance coverage for the environmental actions;
(f) whether you have accepted or denied insurance coverage for the environmental actions; and
(g) whether you have accepted or denied insurance coverage for other environmental actions against any of your other past or present policyholders.
Is the Information Requested Protected by the Attorney/Client Privilege?
The defendants assert that because they received notice of the CT Page 10604 plaintiff's claim "almost simultaneously with the filing of this suit," any investigations they performed were performed in connection with this suit and are therefore protected by the work product doctrine or the attorney/client privilege, that is, that investigatory efforts became "litigation-based discovery" and ceased being the insurers' own efforts to investigate the claim and coverage.
The attorney/client privilege recognized at common law is not, in fact, a general protection of all transactions that involve an attorney and a client, nor can all of the facts a party knows be immunized from discovery merely by telling them to a lawyer. Rather, what is privileged is the communications between client and attorney when made in confidence for the purpose of seeking or giving legal advice. Olson v. AccessoryControls Equipment Corp., 254 Conn. 145, 158 (2000); Ullman v. State,230 Conn. 698, 711, 713 (1994); Doyle v. Reeves, 112 Conn. 521, 523
(1931). A request that an attorney obtain information from outside sources is not privileged. Turner's Appeal, 72 Conn. 305, 318 (1899). Because the privilege "tends to prevent a full disclosure of the truth in court," it is to be strictly construed. Ullman v. State, supra,230 Conn. 710-11, quoting C. Tait J. LaPlante, Connecticut Evidence (2d Ed. 1988); Turners' Appeal, supra, 72 Conn. 318. As the Supreme Court has stated recently, its approach is "to apply the privilege where the communications at issue are `inextricably linked to the giving of legal advice.'" Olson v. Accessory Control Equipment Corp., supra,254 Conn. 164.
The various subsections of Interrogatory 12 and 13, do not ask the defendants to reveal confidential communications made to their counsel for the purpose of obtaining legal advice; rather, they request information concerning the defendants' efforts at investigating the plaintiff's claim so the plaintiff may develop facts to counter the special defenses that allege the defendants' efforts to conduct such investigations were prejudiced by late notice.
Request for Production 35, however, requests "any and all documents that in any way discuss, comment on, refer to, relate to, or contain information concerning insurance coverage for any of the environmental actions against Reichhold. . . ." By requesting "any and all documents," Reichhold ostensibly seeks even those documents that constitute confidential communications for the purpose of obtaining or giving legal advice. Documents on the listed subjects are not subject to discovery if they are truly confidential inquiries or responses to counsel concerning legal advice, rather than the insurance claims, of Reichhold A document is not privileged, however; merely because an attorney had a role in its preparation, as the defendants have advocated. CT Page 10605
Is the Information Subject to Protection as Attorney Work Product?
Pursuant to Practice Book § 13-3, materials "prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative" are not subject to discovery unless the party seeking discovery makes "a showing that the party seeking discovery has substantial need of the materials in the preparation of the case and is unable without undue hardship to obtain the substantial equivalent of the materials by other means." Section 13-3 provides that the mental impressions, conclusions, opinion or legal theories of an attorney are exempt from such discovery, even if the need for the materials themselves has been demonstrated.
Where a client and counsel have worked together on the creation of documents, the attorney's participation must have been with regard to duties "normally attended to by attorneys," Stanley Works v. New BritianRedevelopment Agency, 155 Conn. 86, 95 (1967); and even such participation does not necessarily make a document immune to discovery, Id., Hickman v. TaYlor, 329 U.S. 495, 511, 67 S.Ct. 385, 91 L.Ed. 451
(1947).
Where attorneys serve a dual role of investigating a claim on behalf of a client because of the prospect of litigation arising from the claim and advising the client; as is often the case with regard to insurance claims, courts have separated those documents generated in the lawyer's function as claims adjuster and those generated in the function of legal counsel, recognizing a work product privilege only for the latter. SeeMission National Insurance Co. v. Lilly, 112 F.R.D. 160 (D. Minn. 1986);Zucker v. Sable, 72 F.R.D. 1, 3 (S.D.N.Y. 1975). As the court noted inMission National Insurance Co. v. Lilly, supra, 112 F.R.D. 163, the insurer's decision to hire a law firm to perform its investigation could not "create a blanket obstruction to discovery of its claims investigation."
Because of the special defense of late notice, the issue of the insurers' ability to perform an investigation is a circumstance that must necessarily be part of the presentation at trial. The insurers cannot, by assigning their investigations to attorneys, put themselves into the position of asserting a special defense as to which the plaintiff can obtain no discovery, thereby using the work product privilege as a sword to defeat a claim for insurance coverage. Practice Book § 13-3
specifically recognizes that when a party shows substantial need of materials prepared by an opponent and makes a showing that the substantial equivalent cannot be obtained by other means, access should be allowed, exempting only "disclosure of the mental impressions, conclusion, opinions, or legal theories of an attorney or other CT Page 10606 representative of a party concerning the litigation."
The ability of the insurers to investigate the plaintiff's claims is clearly at issue, and the plaintiff has no prospect of countering an assertion of prejudice to the insurer's ability to investigate without access to the materials that constituted and reveal the scope and any limitations (or the absence of limitations) encountered in the investigation actually performed.
The Connecticut Supreme Court recognized in Metropolitan Life InsuranceCo. v. Aetna Casualty Surety Co., 249 Conn. 36, 52-54 (1999), that where a party puts the content of a lawyer's advice or actions at issue by raising claims that make the work of the attorney "integral to the outcome of the legal claims of the action," a waiver of confidentiality has occurred, since a party cannot simultaneously make the attorney's actions or advice an issue in the case and invoke a privilege against revealing them. While the defendants have not put their attorney's legal advice or analysis at issue, they have put at issue the extent to which the allegedly late notice prejudiced investigation of the claims. To the extent that the investigation was undertaken by their attorneys, the attorney's work in investigating, though not their mental impressions and advice as a result of the investigation, is discoverable. The motion to compel is granted as to the documents sought in Request #35, except that the defendants may redact any statements therein that constitute legal advice or indications of the insurer's or attorney's analysis of the claim. The defendants may not redact any words that provide the context of the scope of the investigation, reflect the feasibility of finding witnesses, and reveal other facts that suggest whether efforts to investigate were impeded., even if such words are part of a sentence that also includes a redacted statement of advice or analysis of the merits of the claim.
Conclusion
The motion to compel is granted. The discovery shall be provided, with only such redactions as are specifically authorized above. All items responsive to these discovery requests shall be provided by October 6, 2000.
Beverly J. Hopson Date Judge of the Superior Court